FILED

AUG - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER SANDERS**<br>2312 North Evergreen Street<br>Arlington, VA 22207<br><br>        Plaintiff,<br><br>    v.<br><br>**DISTRICT OF COLUMBIA**<br><br>Serve:<br><br>    Mayor's Office<br>    accepting agent<br>    441 Fourth Street, N.W.<br>    Washington, D.C. 20001<br><br>    Office of Attorney General<br>    Accepting Agent<br>    441 Fourth Street, N.W.<br>    Washington, D.C. 20001<br><br>**CHARLES H. RAMSEY**<br>Metropolitan Police Department<br>300 Indiana Avenue, N.W.<br>Washington, D.C. 20001<br>In his individual and official capacity<br><br>**CAPT. JEFFREY HEROLD**<br>c/o Metropolitan Police Department<br>300 Indiana Avenue, N.W.<br>Washington, D.C. 20001<br>In his individual capacity<br><br>**JOHN DOE**<br>c/o Metropolitan Police Department<br>300 Indiana Avenue, N.W.<br>Washington, D.C. 20001<br>In his individual capacity<br>                Defendants | Civil Action No.<br><br><br><br><br>CASE NUMBER   1:06CV01411<br><br>JUDGE: Paul L. Friedman<br><br>DECK TYPE: Contract<br><br>DATE STAMP: 08/09/2006<br><br>**JURY ACTION** |

1

## COMPLAINT

1.   This is an action for injunctive and declaratory relief and for money damages to redress the deprivation of plaintiff Christopher Sanders' rights, privileges and immunities under the Constitution and laws of the United States, specifically the First and Fifth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.  This action arises out of acts of retaliation against the plaintiff by officials of the Metropolitan Police Department (MPD) of the District of Columbia because the plaintiff objected to illegal acts and participated in a lawsuit seeking redress for the wrongs done to him.  Further, this action arises out of the deprivation of plaintiff's property, specifically his government employment without due process of law.

### JURISDICTION

2.   This Court has jurisdiction pursuant to 28 USC § 1331 and D.C. Code § 11-921. The actions complained of occurred within the District of Columbia.

### PARTIES

3.   Plaintiff Christopher Sanders resides at 2312 North Evergreen Street, Arlington, Virginia. He had been employed by the District of Columbia as a police officer since 1990 until September 2002.

4.   Defendant District of Columbia is a municipal corporation. It was Plaintiff's former employer.

5.   Defendant Charles Ramsey is the Chief of Police of the MPD. At all times relevant to this Complaint, Chief Ramsey was the final policymaker concerning the MPD's decision to reinstate a uniformed officer who had resigned. He is being sued in his individual capacity.

6. Defendant Jeffrey Herrold is an employee of the Metropolitan Police Department. At all times relevant to this Complaint, Mr. Herrold served in the rank of Lieutenant and was the Plaintiff's Supervisor. He is being sued in his individual capacity.

7. Defendant John Doe is an unknown employee of the Metropolitan Police Department who took unconstitutional actions against the Plaintiff. He is being sued in his individual capacity.

**FACTS**

8. Plaintiff Sanders became a police officer with the Metropolitan Police Department of Washington, D.C. in 1990.

9. In November 1996, the MPD created a unit called the Special Emphasis Unit (SEU) under the direction of Lt. Lowell Duckett. The SEU was a unit within the Narcotics and Special Investigations Division of the Support Services Bureau. Its purpose and mission was to investigate and stop gang activity, especially trafficking in illegal narcotics.

10. Sgt. Sanders and Sgt. Harry T. Hill were selected to supervise the officers in SEU. Both Sgt. Hill and Sgt. Sanders had been recognized for their accomplishments in battling illegal narcotics in the District of Columbia and had previously been named to other special units.

11. During their time in SEU, Plaintiff Sanders and others noticed what appeared to be abuses of the time and attendance policies of the MPD that may be criminal in nature. The abuse resulted in the loss of taxpayer money. Plaintiff Sanders reported his concerns and objections to various superiors in his chain of command. He also testified before the District of Columbia City Council. Plaintiff's objections were also covered in the local media. Sanders did not make this speech pursuant to his official duties.

12. Following his objections, Plaintiff Sanders was treated adversely in that he was deprived overtime pay, physically threatened and reassigned to a less desirable position, among other things.

13. Plaintiff Sanders and Sgt. Hill brought suit against the District of Columbia and others in U.S. District Court for the District of Columbia in Civil Action No. 97-02938 for violations of their right to free speech.

14. Plaintiff Sanders testified on several occasions during that lawsuit in deposition and otherwise actively participated in the litigation of the case.

15. The litigation raised matters of public concern in that it objected to alleged misconduct on the part of the Mayor, the Chief of Police and a MPD lieutenant.

16. During the litigation Plaintiff Sanders engaged in settlement negotiations through his attorney. In or about August 2002, the parties reached a settlement of the claims. In part, the District was required to promote Plaintiff to Lieutenant and to assign him to the Major Crash Unit.

17. In or about August 2002, Plaintiff Sanders was presented with the opportunity to complete a Master of Business Administration Program at no expense to the MPD at Marymount University in Arlington, Virginia.

18. Plaintiff Sanders contemplated whether to resign from the MPD in order to pursue this educational opportunity or whether he should request an educational leave of absence.

19. In early September 2002, Plaintiff was advised by MPD officials that even if he resigned from the MPD he was always free to come back within one year.

20. This advice was consistent with §816.6 of the DC Personnel Code which stated that a former member of the MPD shall have reinstatement eligibility.

21. Plaintiff Sanders on or about September 5, 2002 decided to resign from the MPD in order to pursue his educational opportunities. Plaintiff Sanders submitted a document informing the MPD that he was resigning with 30 days notice,

22. Unbeknownst to Plaintiff Sanders, on or about September 5, 2002, the relevant MPD officials signed off on his request.

23. Within days of submitting his resignation and within the 30 day notice period, Plaintiff Sanders submitted a request to rescind his resignation.

24. Plaintiff Sanders also requested a leave of absence without pay to be granted so that he could attend school for his MBA. Such a request was consistent with past practice at the MPD. For example, on one occasion an officer had been given a year of leave with pay in order to attend studies.

25. Having heard nothing back from his request, Plaintiff Sanders submitted another request that was received by Defendant Ramsey's office on November 15, 2002.

26. Thereafter, on several occasions, Plaintiff Sanders, through his attorney, requested a response from the District of his request to rescind his resignation letter and his request for an educational leave of absence.

27. Without Plaintiff Sanders' knowledge, the MPD, at the direction of Chief Ramsey, and/or Jeffrey Herrold and/or John Doe commenced an investigation of Plaintiff Sanders, the primary purpose of which was to contrive a reason to deny Plaintiff Sanders his request to rescind his resignation. The MPD falsely charged Plaintiff Sanders with willfully and knowingly making an untrue statement regarding the date he planned to return from leave and for being absent without leave for more than four consecutive hours. The investigation was conducted by Plaintiff Sanders' former superior Lieutenant Jeffrey Herrold.

28. Chief Ramsey knew that these allegations were false and were not supported by the evidence relied upon in the investigation.

29. Plaintiff Sanders did not learn of this investigation until late 2005 from an anonymous source.

30. As a result of this bad faith investigation, the MPD concluded that Plaintiff Sanders had knowingly made false statements about when he would return from leave, and that he should not be reinstated. However, the MPD did not interview Plaintiff Sanders during the investigation, did not disclose its results to Plaintiff Sanders and did not give Plaintiff Sanders an opportunity to respond to the charges.

31. Lt. Herrold and/or John Doe conducted the investigation and made unsubstantiated conclusions in retaliation for Plaintiff Sanders' free speech activities and because of his participation in the federal lawsuit.

32. The MPD's charges were untrue. Moreover, the investigation was conducted in violation of MPD procedures. For example, the MPD did not even commence the investigation until approximately 9 months after the events in question. District law, at that time, required corrective or adverse action to be taken within 45 days. The MPD did not afford Plaintiff Sanders the opportunity to respond to the charges lodged against him and the facts did not support a finding that Plaintiff Sanders had done anything wrong.

33. On August 15, 2003, Defendant Ramsey declined to reinstate Plaintiff Sanders without explanation and without providing Sanders any due process. In fact, Defendant Ramsey made his decision in retaliation for Plaintiff's exercise of his free speech and because of Sanders' participation in the lawsuit concerning the retaliation he suffered and/or because he was induced to do so at the urging of Lt. Herrold and/or John Doe.

34. Plaintiff Sanders objected to this decision by written letter. The MPD treated Plaintiff Sanders objection as a grievance. However, to date, it has not responded to the grievance.

## COUNT I

### VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983
### First Amendment – Free Speech, Petition to Redress Grievances - Retaliation
### (All Defendants)

35. Plaintiff incorporates herein each and every allegation stated above.

36. In pursuing his lawsuit (CA No. 97-02938), Plaintiff Sanders was speaking on a matter of public concern. Specifically, he was objecting to the retaliation he suffered because he objected to time and attendance fraud that resulted in a waste of taxpayer money. In addition, Sanders was petitioning the government for redress of his grievances. These rights are protected by the First Amendment to the U.S. Constitution.

37. Chief Ramsey violated Plaintiff Sanders' first amendment right to speak out on matters of public concern and petition the government for redress when he knowingly refused to permit Plaintiff Sanders to rescind his resignation from the MPD and/or refused to reinstate Plaintiff Sanders to the MPD and caused false and defamatory statements to be made about Plaintiff Sanders through his subordinate, Lieutenant Jeffrey Herrold. Plaintiff Sanders' statements in his lawsuit (CA No 97-02938) and elsewhere in which he objected to time and attendance fraud and his participation in that lawsuit were a substantial or motivating factor in Chief Ramsey's actions.

38. Chief Ramsey acted under color of law and showed a deliberate indifference to the Plaintiff Sanders' first amendment rights to speak out on matters of public concern and petition the government for a redress of grievances.

39. Lt. Herrold violated Plaintiff Sanders' first amendment right to speak out on matters of public concern and petition the government for redress when he knowingly conducted a baseless investigation of Plaintiff, reached spurious conclusions and made false and defamatory charges leading to his unsupported recommendation that Plaintiff not be reinstated. Plaintiff Sanders' statements in his lawsuit (CA No 97-02938) and elsewhere in which he objected to time and attendance fraud and his participation in that lawsuit were a substantial or motivating factor in Lieutenant Herrold's actions.

40. Lieutenant Herrold acted under color of law and showed a deliberate indifference to the Plaintiff Sanders' first amendment rights to speak out on matters of public concern and petition the government for a redress of grievances.

41. John Doe violated Plaintiff Sanders' first amendment right to speak out on matters of public concern and petition the government for redress when he knowingly caused a baseless investigation to be conducted that made false and defamatory charges against Plaintiff and that recommended the plaintiff not be reinstated. Plaintiff Sanders' statements in his lawsuit (CA No 97-02938) and elsewhere in which he objected to time and attendance fraud and his participation in that lawsuit were a substantial or motivating factor in John Doe's actions.

42. John Doe acted under color of law and showed a deliberate indifference to the Plaintiff Sanders' first amendment rights to speak out on matters of public concern and petition the government for a redress of grievances.

43. Defendant District of Columbia violated Plaintiff Sanders' first amendment right to speak out on matters of public concern and petition the court for redress because Chief Ramsey was the final policy maker regarding the reinstatement of former MPD police officers and the MPD's treatment of persons who complain of waste and misuse of MPD personnel and

funds. Further, Chief Ramsey acted pursuant to a custom, plan or policy of the District of Columbia, which was to retaliate against persons who objected to mismanagement, fraud and who petitioned the court for relief of retaliation. Further, Chief Ramsey, as supervisor, was aware of, or should have been aware of, the unconstitutional acts of his subordinates Herrold and Doe but failed to take corrective action.

44.     Defendants' violations of Plaintiff Sanders' First Amendment rights caused him to sustain direct and consequential damages, including, but not limited to, lost wages and benefits, emotional pain, mental anguish, humiliation and embarrassment, damage to his professional reputation, and damage to his reputation in the community, justifying awards of damages in amounts to be determined at trial.

45.     Defendant Ramsey engaged in these acts maliciously or with reckless indifference to plaintiffs' First Amendment rights, justifying awards of punitive damages in amounts to be determined at trial.

## COUNT II
## VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983
## SUBSTANTIVE AND PROCEDURAL DUE PROCESS
## (ALL DEFENDANTS)

46.     Plaintiff incorporates herein each and every allegation stated above.

47.     Plaintiff Sanders had a property interest in being given a fair opportunity to demonstrate that he was eligible for reinstatement pursuant to DC Personnel Regulation § 816.6.

48.     Defendant Ramsey, acting under color of law, deprived Plaintiff Sanders of his property, his government employment, without substantive or procedural due process of law, in violation of the Fifth Amendment, when he refused to reinstate Plaintiff Sanders in violation of District regulations and law and when he cause a false and defamatory investigation to be conducted of Plaintiff without giving Plaintiff the opportunity to respond to the charges.

49. Defendant District of Columbia, acting through Defendant Ramsey and/or other unknown persons, deprived Plaintiff Sanders of his property without substantive or procedural due process of law in violation of the Fifth Amendment, when it refused to reinstate Plaintiff Sanders to his position in violation of District regulations and law. The District of Columbia is liable for the actions of Defendant Ramsey and/or these unknown persons because Ramsey and/or these unknown persons are final policymakers regarding the process to be given employees seeking reinstatement or because they acted pursuant to a custom or policy of the District of Columbia of denying employees due process when they seek reinstatement.

50. Defendants' violations of plaintiff's Fifth Amendment rights caused him to sustain direct and consequential damages, including, but not limited to, lost pay, position and other benefits, emotional pain, mental anguish, humiliation and embarrassment, damage to his professional reputation, and damage to his reputation in the community, justifying awards of damages in amounts to be determined at trial.

51. Defendants engaged in these acts maliciously or with reckless indifference to plaintiff's First Amendment rights, justifying awards of punitive damages in amounts to be determined at trial.

**WHEREFORE**, plaintiff request judgment against the defendants as follows:

a. An order declaring that the acts and practices complained of herein are in violation of plaintiffs' civil rights and enjoining and permanently restraining these violations.

b. An order directing the District of Columbia to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect plaintiff's employment opportunities.

c. General and special damages according to proof at the time of trial;

d.  Punitive damages according to proof at the time of trial;

e.  Plaintiff's costs;

f.  Plaintiff's attorneys' fees; and

g.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Respectfully submitted,

Michael G. Kane   Bar No 435121
David R. Cashdan  Bar No 051342
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4104
Tel. (202) 862-4330
Fax. (202) 862-4331

Attorneys for Plaintiff

Dated: August 8, 2006