UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-1411 (PLF) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

**I.     INTRODUCTION**

Defendant District of Columbia respectfully requests that the Court dismiss Plaintiff's Complaint. For the most part, Plaintiff's Opposition focuses on arguing the merits of the belatedly dismissed complaint in Sanders v District of Columbia, No. 97-cv-02938 (PLF). However, Plaintiff's claims in that suit have been dismissed with prejudice precluding re-litigation and resolving all issues necessary to judgment *in the District's favor* as a matter of law.[1] By failing to defend the Complaint that is before the Court or to respond to the arguments

---

[1] This matter was resolved by settlement before trial. Sanders filed a Notice of Dismissal with prejudice on December 4, 2006. A "with prejudice" dismissal is equivalent to a final judgment on the merits in the defendants' favor, Britt v. Vernon (In re Vernon), 2006 U.S. Dist. LEXIS 75128 (E.D. Cal. Oct. 2, 2006) ("It is well established that a 'stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits' for the purposes of res judicata."); see also Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005) ('Final judgment on the merits' is synonymous with 'dismissal with prejudice.'), as to all contested issues, including the issues upon which Plaintiff focuses in the current opposition. Restatement (Second) of Judgments, §

that the District actually made, Sanders acknowledges that the Complaint as pleaded is defective as a matter of law and should be dismissed.

## II.   ARGUMENT

Sanders alleges that he resigned from the Metropolitan Police Department, but was not re-hired when he so demanded. He alleges that he was not re-hired because he spoke on a "matter of public concern" by filing a lawsuit relating to other statements allegedly protected by the First Amendment. He also alleges that he had a legal right to demand that MPD give him a job, although he cites no statute or regulation that reasonably bears that interpretation.

In response to the Complaint, Defendant moved to dismiss. It noted that a lawsuit does not *per se* relate to a matter of public concern, Memorandum of Points and Authorities in Support of Motion to Dismiss, p. 9, even when it alleges unconstitutional action on the part of government. Id. Defendant also pointed out that a lawsuit that relates to a employee's work situation does not raise a matter of public concern, Bridges v. Kelly, 977 F. Supp. 503, 508 (D.D.C. 1997), aff'd sub nom Bridges v. Barry, 1998 U.S. App. Lexis 10651 (D.C. Cir. 1998). Id. Plaintiff disputed none of these propositions.

Furthermore, the District noted that even if a particular statement did involve a matter of public concern, the Court is required to assess whether the government's interest in the efficient provision of public service outweighed the plaintiff's interest in making the statement. In this regard, the District provided extensive analysis of the well-established proposition that when the applicable law applies a balancing test to decide whether a particular act or acts are constitutionally protected, qualified immunity is appropriate for Chief Ramsey and Captain

---

24(1). Sanders' attempt in his Notice of Dismissal to reserve the right to re-litigate issues as to which the final judgment binds him is unavailing.

Herold because the law is not clearly established. Again, Plaintiff did not dispute this proposition.

With respect to Plaintiff's due process claim, the District pointed out that the controlling regulation did not guarantee any person, much less Christopher Sanders, a right to demand that the MPD employ him or her if it did not want to hire him. Because Sanders had nothing more than a unilateral expectation of re-hire, he did not have a property interest under the Fifth Amendment. Plaintiff also left this analysis untouched.

In light of these uncontested legal propositions, Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003), the Court should dismiss the Complaint.

> **A.   The Complaint Should Be Dismissed Against The Individual Defendants Based On Qualified Immunity.**
>
> > 1.   The Decision Not To Re-Hire Sanders In Accordance With His Demand Did Not Violate The Constitution.

As Plaintiff concedes through non-opposition, Sanders must show that his earlier lawsuit was a matter of public concern and that his interest in making the statement outweighs the MPD's interest in the efficient provision of public service.

The applicable law was extensively articulated in Bridges v. Kelly, 977 F. Supp. 503, 508 (D.D.C. 1997), aff'd sub nom Bridges v. Barry, 1998 U.S. App. Lexis 10651 (D.C. Cir. 1998). Two undisputed propositions of law control here. First, merely filing a lawsuit alleging unconstitutional government action does not alone make the act of pursuing the lawsuit protected activity under the First Amendment. Id. at 508. Second, when the alleged unconstitutionality relates to an employee's job, it does not raise a matter of public concern. This rule applies even when the employee alleges in the lawsuit that the unconstitutional action affected him personally. Id. Significantly, the D.C. Circuit affirmed the lower court's opinion *per curiam*.

Instead of addressing the sufficiency of the complaint on the basis of the legal principles governing alleged retaliation for filing a lawsuit, Plaintiff merely quotes from an interlocutory decision from the previous lawsuit and concludes that the lawsuit must therefore have been a matter of public concern. Sanders errs in this respect. His assertion that "the kind of speech is the same" because he was allegedly objecting to the waste of taxpayer funds is incorrect. The speech is not the same – one involved various public statements; one involved a lawsuit about his employment. The mere fact that a lawsuit relates to allegedly unlawful employment action – even purportedly *unconstitutional* action – does not make it a matter of public concern for the purpose of a First Amendment action. Bridges v. Kelly, 977 F. Supp. 503, 508 (D.D.C. 1997), aff'd sub nom Bridges v. Barry, 1998 U.S. App. Lexis 10651 (D.C. Cir. 1998). Sanders provides no analysis whatsoever of Bridges and its application to this case for the obvious reason that Bridges establishes as a matter of law that filing the lawsuit is not, in these circumstances, speaking on a matter of public concern.

    2.    Sanders Has Not Demonstrated That The Individual Defendants Violated Any Clearly Established Law.

Defendants argued that their alleged actions did not violate any clearly established law. For the most part, Sanders has conceded this argument through non-opposition. Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) ("It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Sanders did not challenge the District's articulation of the issue presented nor the controlling law for resolving that issue.

As Defendant noted, the issue is whether the law was so clearly established at the time of the act in question that is was objectively unreasonable to act as the public official did. Wilson

4

v. Layne, 526 U.S. 603, 609 (1999). Whether a right was clearly established that an official's conduct violated the Constitution is judged in light of the case law in the official's jurisdiction or, failing controlling law, in light of the existence (or not) of a strong consensus of persuasive authority. Saucier v. Katz, 533 U.S. 194, 202 (2001). Thus, "if the law did not clearly put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Saucier, 533 U.S. at 202.

Nor did Sanders question the well-established proposition that the law is not clearly established when the scope and/or application of the constitutional right at issue is subject to a judicial balancing test. See, e.g. Stanley v. City of Dalton, 219 F.3d 1280, 1298 (11th Cir. 2000); Sexton v. Martin, 210 F.3d 905 (8th Cir. 2000) ("when Pickering's fact-intensive balancing test is at issue, the asserted First Amendment right can rarely be considered clearly established for purposes of the Harlow qualified immunity standard."); DiMeglio v. Haines, 45 F.3d 790 (4th Cir. 1995) ("Only infrequently will it be 'clearly established' that a public employee's speech on a matter of public concern is constitutionally protected, because the relevant inquiry requires a 'particularized balancing' that is subtle, difficult to apply, and not yet well-defined."); Medina v. Denver, 960 F.2d 1493 (10th Cir. 1992) ("In determining whether the law was clearly established, we bear in mind that allegations of constitutional violations that require courts to balance competing interest may make it more difficult to find the law 'clearly established' when assessing claims of qualified immunity."); Borucki v. Ryan, 827 F.2d 836, 848 (1st Cir. 1987) (("When the law requires a balancing of competing interest, . . . it may be unfair to charge an official with knowledge of the law in absence of a previously decided case with clearly analogous facts."); Benson v. Allophin, 786 F.2d 268, 276 (7th Cir.), cert. denied Benson v. Allophin, 479 U.S. 848 (U.S. 1986).

5

Plaintiff again ignores the applicable law and instead focuses on the previous litigation. Under the applicable law, the filing of the lawsuit was not speech about a matter of public concern. That the Court applied a balancing test on a different record to a different question applying different law hardly renders the law clearly established for the purposes of qualified immunity in this case. Moreover, the existence of a balancing test – whether the public's interest in the efficient provision of public services outweighs an employee's desire to raise a grievance in court in any particular instance – *alone* renders qualified immunity applicable. Because Sanders opposed neither argument, the District's argument should be treated as conceded and the Court should dismiss the Complaint against the individual defendants.

> **B.   The First Amendment Claims Against The District Should Be Dismissed Because Sanders Has Not Alleged A Violation Of His Constitutional Rights.**

As discussed above in connection with the qualified immunity defense, Sanders has not alleged a violation of his constitutional rights. Because Sanders' constitutional rights were not violated, the District is also entitled to dismissal. <u>Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986).

> **C.   Sanders Has Failed To State A Claim For An Alleged Violation Of The Fifth Amendment**.

The individual Defendants are also entitled to qualified immunity for the alleged violation of the Fifth Amendment. Sanders has not identified a legitimate expectation grounded in law that he required him to be re-hired by the MPD upon demand.

The parties agree that to have a protected property interest, Sanders must show that his expectation is grounded in more than his unilateral understanding. Sanders, however, does not challenge Defendant's analysis of the controlling regulations. All the regulations do is to provide *the MPD* the discretion to bypass otherwise applicable competitive hiring procedures.

6

The regulations do not mandate that anyone be hired nor that MPD ever use the procedure. Thus, Sanders errs when he asserts that MPD must "recognize the reinstatement rights of its officers," because there are no such reinstatement rights under the applicable regulations and Sanders offers no argument that the regulations actually mean that such alleged right exists. Sanders' Fifth Amendment claim fails.[2]

Nor does Sanders show that the applicable law was clearly established. First, he fails to show that the regulations have ever been determined to mandate the re-hiring of a police officer merely upon the demand of the officer. Second, he fails to cite any controlling or even persuasive law from this jurisdiction, even though this is the relevant jurisdiction. Saucier v. Katz, 533 U.S. 194, 202 (2001). Finally, his reliance upon Stana v. School District, 775 F.2d 122 (3rd Cir. 1985), is misplaced. Stana involved an eligibility roster prepared by law from which teachers were to be selected and hired. The plaintiff was passed over for a job and a person not on the eligibility list was hired. The regulations at issue here simply provide the MPD with discretion to use non-competitive hiring procedures if it so chooses. No eligibility list is created and no entitlement to being hired arises. Stana does not clearly establish that the MPD is required to bypass competitive selection procedures and re-hire a former employee (even if there is no job) at the behest of that former employee. Because the law was not clearly established, the individual defendants are entitled to qualified immunity as to Plaintiff's Fifth Amendment claim.

---

[2] Sanders also asserts that a substantive due process claim. This claim is meritless because there is an explicit textual commitment to the protection of procedural due process which precludes the application of substantive due process. Graham v. Connor, 490 U.S. 386, 395 (1989).

### D. Sanders Has Not Alleged A Basis For Municipal Liability.

Once again Sanders does not oppose Defendants' articulation of the controlling law. To hold the District liable, Plaintiff must allege a basis for municipal liability. A municipal government cannot be held liable simply because its employees misuse discretionary authority, i.e., there is no respondeat superior liability. Monell, 436 U.S. at 694; see also Praprotnik, 485 U.S. at 130 (1988). Municipal governments are to "be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights." Praprotnik, 485 U.S. at 122. Because only official policies/customs lead to municipal liability, "[o]nly those municipal officials who have 'final policymaking authority' may be their actions subject the government to § 1983 liability," Praprotnik, 485 U.S. at 123.

Sanders attempts to meet this claim by arguing that he alleged that Chief of Police Charles Ramsey was the "municipal policymaker" and asserts that the Court is required to accept this allegation as true. It is not. The identity of the "policymaker" for the purposes of municipal liability is a question of law, St. Louis v. Praprotnik, 485 U.S. 112, 126 (1988), and need not be accepted as true. Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000), citing Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Here, the Mayor of the District of Columbia is the final policymaker under Praprotnik because the Chief of Police's "discretionary [personnel] decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality." Praprotnik, 485 U.S. at 127.[3]

---

[3] Decisions such as O'Callaghan v. District of Columbia, 741 F. Supp. 273 (D.D.C. 1990), do not help Plaintiff. In this case, the Chief' role in personnel administration is merely to

Plaintiff's vague reference to "custom or policy" is also unavailing. As noted in the District's opening brief, an allegation of one instance of wrongdoing is insufficient as a matter of law to support municipal liability under a "custom" or "usage" theory. Steele v. D.C. Hous. Auth., 2006 U.S. Dist. LEXIS 8239 (D.D.C. 2006) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability [against a municipality] under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. . . ."), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). Plaintiff has not alleged a basis for municipal liability and his claims against the District should be dismissed.

### III.   CONCLUSION

Plaintiff Christopher Sanders claims that the Constitution gives him a right to be re-hired upon demand after he voluntarily resigned from the MPD to pursue his education. The Constitution simply does not. Neither the individual Defendants nor the District of Columbia retaliated against him in any way for filing a lawsuit. Plaintiff's Complaint is insufficient as a matter of law and should be dismissed.

Dated: December 6, 2006               Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163

---

implement "all or part of a personnel management program" established pursuant to the District of Columbia Comprehensive Merit Personnel Act, D.C. Official Code § 1-603.01(14).

/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov