IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHRISTOPHER SANDERS** | ) | |
| | ) | CA No. 06-1411 (PLF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**JOINT MEET AND CONFER STATEMENT**

Plaintiff Christopher Sanders and Defendants District of Columbia, Charles Ramsey and Jeffrey Herrold, by and through their respective undersigned counsel, submit the following Proposed Discovery Plan in accordance with FRCP Rule 26(f) and Rule 16.3 LCvR.  Counsel for Plaintiff and Defendant met by telephone on January 5, 2007 and discussed the following issues:

Dispositive Motions.  The parties disagree as to whether this case will be disposed of by dispositive motion.  Defendants have filed a motion to dismiss, which is currently pending.  The individual Defendants based their motion to dismiss on the qualified immunity doctrine articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982), and progeny. [Q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation,'" Young v. Scales, 873 A.2d 337, 341 (D.C. 2005), quoting Saucier v. Katz, 533 U.S. 194 (2001), and should be decided as early as possible in the litigation. Id. Therefore, "[t]he trial court must  exercise its discretion in a way that protects the substance of the qualified immunity defense."

The individual Defendants participated at Plaintiff's request in the conference because it appears that LCvR 16.3 required their participation. At the outset of the discussion, counsel stated that they were not waiving their "entitlement not to stand trial or face the other burdens of litigation," but would participate in good faith in accordance with Local Rule 16.3. They, along with Defendant District of Columbia, respectfully request that a stay of proceedings be imposed until the Court has ruled on the pending motion to dismiss.

Plaintiff opposes the staying of discovery in this matter given that the sole reason for the stay is the pending motion to dismiss. Defendants would move to stay discovery precisely because there is a pending motion to dismiss.

(2) <u>Joinder, Amendment and Narrowing</u>. The Plaintiff does not anticipate that any other parties will be joined and does not, absent any additional facts produced during discovery, anticipate the filing of any amended pleadings. Defendants do not anticipate joining any other parties. Defendants propose that the Court order that Plaintiff be allowed to amend his pleadings up to the 30th day after the initial hearing and Defendants be allowed to amend their Answers up to the 45th day after the initial hearing in this matter. Defendants believe that these deadlines provide an incentive for the parties to clarify the legal issues as early as possible. Defendants respectfully submit that any narrowing of the legal issues is most likely to arise from the Court's ruling on its pending motion.

(3) <u>Magistrate Judge</u>. The parties do not want the case assigned to a magistrate judge for any purposes other than mediation.

(4) <u>Possibility of Settlement</u>.  The parties believe that discovery is necessary before meaningful settlement discussions can take place.

(5)  <u>Alternative Dispute Resolution.</u>  The parties recommend deferring any utilization of alternative dispute resolution until after discovery concludes.  The parties favor mediation before a magistrate judge.

(6)  <u>Timing of Dispositive/Cross Motions</u>.  The parties have agreed to file all dispositive motions and/or cross motions forty-five (45) days after discovery concludes.  Oppositions will be due within 30 days and replies, if any, within 15 days.

(7) <u>Initial Disclosures</u>.  The parties agree that initial disclosures should apply and should be filed 30 days after any conference before the Court occurring after the execution of this Meet and Confer statement.

(8) <u>Anticipated Discovery</u>.  The parties agree that the period for discovery should be 6 months.  The parties do not contemplate any changes to the Federal Rules regarding discovery.

(9)  <u>Exchange of Expert Reports.</u>  Expert reports will be exchanged as follows:

Proponent:    90 days after discovery opens (assuming a six-month discovery period)

Opponent:    135 days after discovery opens (assuming a six-month discovery period)..

(10)    <u>Class action issues.</u>  Not applicable.

(11)    <u>Bifurcation</u>.  Plaintiff does not request bifurcation of any trial.  Defendants respectfully reserve the right to move to bifurcate depending upon developments in the litigation.

(12)    <u>Scheduling Conference and Trial Dates</u>.  The parties propose that the pre-trial conference take place 60 days after the Court's ruling on any and all dispositive

3

motion(s).  The parties recommend that the Court set the trial date at the pretrial conference.

(13)    Other Matters.  Plaintiff has no other matter that warrants the Court's attention.  Defendants propose that the Court order Plaintiff to execute HIPAA-compliant medical releases without modification no later than eleven (11) days after the Initial Hearing in this matter. Plaintiff's allegations, complaint at paragraph 44, put his in medical and psychological condition into issue.  Defendants reserve the right to seek an independent medical examination under Fed. R. Civ. P. 35.   Plaintiff objects to the request for the medical releases and for an IME. Plaintiff contends that his emotional distress is of the garden variety type that does not warrant an invasion of medical privacy.

Respectfully submitted this the 8th day of March 2007,

_____
Michael G. Kane, Bar No. 435288
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

_____
Thomas J. Foltz, Esq.
Assistant Attorney General
D.C. Bar No. 462858
Suite 6S093
441 4th Street, N.W.
Washington, D.C. 20001
202-724-6652

202-727-0431 (fax)

*Counsel for Defendants*

Sanders 06 1411 Sanders Meet and Confer 020707.1