IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER SANDERS,                :
                                    :
    Plaintiff,                      :
                                    :
v.                                  :    Civil No. 06- 1411 (PLF)
                                    :    Answer Due December 11, 2007
                                    :
DISTRICT OF COLUMBIA, et al.,       :
                                    :
    Defendants.                     :
                                    :
_____:

DEFENDANTS' ANSWER TO COMPLAINT

    The District of Columbia has been dismissed from this action by the Court's November 9, 2007, opinion with respect to the 42 U.S.C. § 1983 First Amendment retaliation claim and the substantive due process claim (dismissed as to all defendants). Individual Defendants (former) Chief Charles Ramsey (" Chief Ramsey"), Capt. Jeffrey Herold (" Capt. Herold") and John Doe, ( "Officer Doe") all hereby answer as follows as does the District ( collectively referred to as "Defendants") with respect to a remaining claim against it for an alleged 42 U.S.C. § 1983 procedural due process violation.

FIRST DEFENSE

    In response to the individual paragraphs of the Amended Complaint, Defendants state as follows:

    1. The allegations in the paragraph are legal conclusions to which no responsive pleading is required.

    2. Admitted with regard to the jurisdiction established under 28 U.S.C. §1331. Defendants are without sufficient information to admit or deny whether jurisdiction exists under

D.C. Code §11-921 or whether the actions complained of occurred within the District of Columbia.

    3.    Defendants are without knowledge as to Sanders' residence but admit Sander's employment with the District of Columbia without prejudice to establish more precise dates.

    4.    Defendants admit that the District of Columbia is a municipal corporation and was Sanders' former employer.

    5.    Defendant Chief Ramsey is no longer chief of police of the MPD. Defendants note that the remaining allegations in this paragraph are legal conclusions as to which no responsive pleading is required.

    6.    Defendants admit that Capt Herold is an employee of the MPD and that at all times relevant served in the rank of Lieutenant. The last sentence is a legal conclusion as to which no responsive pleading is required.

    7.    Defendants note that they are without sufficient information to admit or deny the allegations of this paragraph.

    8.    Admitted.

    9.    Admitted.

    10.    Admitted as to selection to the SEU.  Defendants noted that they are without sufficient information to admit or deny the remaining allegations of this paragraph.

    11.    Admitted that Sanders reported alleged abuses, denied as to any criminality. The remaining allegations of this paragraph are legal conclusions as to which no responsive pleading is required.

    12.    Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

13. Admitted.

14. Admitted.

15. Defendants note that the allegations of this paragraph are legal conclusions as to which no responsive pleading is required.

16. Admitted.

17. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

18. Defendants are without sufficient information to admit or deny what Sanders contemplated.

19. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

20. Defendants note that the allegations of this paragraph are legal conclusions as to which no responsive pleading is required.

21. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

22. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

23. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

24. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

25. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

26. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

27. Defendants note that the allegations of this paragraph are legal conclusions as to which no responsive pleading is required. Defendants note that the investigation referred to in this paragraph was required as a matter of law.

28. Defendants note that the allegations of this paragraph are legal conclusions as to which no responsive pleading is required.

29. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint.

30. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and note further that they are legal conclusions as to which no responsive pleading is required.

31. Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and note further that they are legal conclusions as to which no responsive pleading is required.

32. Defendants deny the allegations of this paragraph of the complaint.

33. Defendants deny the allegations of this paragraph of the complaint.

34. Defendants note that the allegations of this paragraph of the complaint are legal conclusions as to which no responsive pleading is required.

35. Defendants adopt as if more fully set forth herein their responses to the allegations contained in paragraphs 1-34 of the complaint.

36. Defendants note that the allegations of the paragraph of the complaint are legal conclusions as to which no responsive pleading is required.

37. Defendants deny the allegations of this paragraph of the complaint.

38. Defendants deny the allegations of this paragraph of the complaint.

39. Defendants deny the allegations of this paragraph of the complaint.

40. Defendants deny the allegations of this paragraph of the complaint.

41. Defendants deny the allegations of this paragraph of the complaint.

42. Defendants deny the allegations of this paragraph of the complaint.

43. Defendants deny the allegations of this paragraph of the complaint.

44. Defendants note that the allegations of this paragraph of the complaint are legal conclusions as to which no responsive pleading is required.

45. Defendants note that the allegations of this paragraph of the complaint are legal conclusions as to which no responsive pleading is required.

46. Defendants adopt and incorporate as if more fully set forth herein their responses to the allegations contained in paragraphs 1 through 45 herein.

46. Defendants note that the allegations of this paragraph of the complaint are legal conclusions as to which no responsive pleading is required.

47. Defendants note that the allegations of this paragraph of the complaint are legal conclusions as to which no responsive pleading is required.

48. Defendants deny the allegations of this paragraph of the complaint.

49. Defendants deny the allegations of this paragraph of the complaint.

50. Defendants note that the allegations of this paragraph of the complaint are legal conclusions as to which no responsive pleading is required.

51. Defendants note that the allegations of this paragraph of the complaint are legal conclusions as to which no responsive pleading is required.

### AMENDMENT, SET OFF OR COUNTERCLAIM

The Defendants reserve the right to amend this Answer from time to time as the proof may warrant and to offer such counterclaims as the evidence may additionally warrant.

### SECOND DEFENSE- RELIEF SOUGHT NOT WARRANTED

The Court should deny the relief sought in Plaintiff's prayer for relief in the Complaint as none of the relief sought is warranted based on Plaintiff's allegations nor based on the facts or law of this case.

### FOURTH DEFENSE -NO PROXIMATE CAUSE BY DEFENDANTS

The claim is barred because no acts or omission of the District of Columbia or other defendants proximately caused harm to the plaintiff.

### FIFTH DEFENSE- LACK OF MITIGATION

The claim is barred to the extent that the plaintiff has failed to mitigate his damages.

### SIXTH DEFENSE-REASONABLE ACTIONS WITHIN SCOPE OF EMPLOYMENT

Any acts or omissions taken toward Plaintiff by Defendant District of Columbia or its employees and/or agents acting within the scope of their employment were only such actions as were reasonable, lawful and/or necessary under the circumstances.

### SEVENTH DEFENSE- LAWFUL ACTIONS WITHIN SCOPE OF EMPLOYMENT

Defendant District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, toward Plaintiff in accord with the applicable regulatory, statutory, constitutional, and common law requirements.

EIGHTH DEFENSE- ACTIONS AND INTERPRETATIONS IN ACCORD WITH LAW

Defendants' interpretations of all applicable contractual, regulatory, statutory, constitutional, and common law requirements are rational and reasonable, are not arbitrary and capricious, and are otherwise in accordance with law.

NINTH DEFENSE- ACTIONS WITHIN SCOPE OF EMPLOYMENT UNDERTAKEN IN REASONABLE GOOD FAITH

At all times relevant herein, Defendant District of Columbia, its agents, servants and employees acting within the scope of their employment, have acted in good faith and with the reasonable belief that those acts were lawful under the circumstances; accordingly, they enjoy qualified immunity therefor.

TENTH DEFENSE- PLAINTIFF'S CONTRIBUTORY ACTS AND OMISSIONS AND CONTRIBUTORY NEGLIGENCE

If Plaintiff was injured and/or damaged as alleged in the complaint, such injuries and damages were the result of Plaintiff's own acts or omissions, whether negligent or intentional or both.

ELEVENTH DEFENSE

Defendant acted at all relevant times in this matter consistently with all-applicable laws, rules, regulations, constitutional provisions and standards of care.

DATED: December 11, 2007         Respectfully submitted,

                                 LINDA SINGER
                                 Acting Attorney General for the District of Columbia

                                 GEORGE C. VALENTINE
                                 Deputy Attorney General, Civil Litigation Division


                                     /s/ Kimberly M. Johnson
                                 KIMBERLY M. JOHNSON   D.C. Bar No. 435163
                                 Chief, General Litigation Section 1

                                      */s/ Thomas J. Foltz*
                              THOMAS J. FOLTZ
                              Assistant Attorney General
                              D.C. Bar No. 462858
                              441 Fourth Street, N.W.
                              Washington, D.C. 20001
                              (202) 724-6652
                              (202) 727-0431 (fax)
                              E mail: Thomas.foltz@dc.gov

## CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on December 11, 2007.


                              _____*/s/ Thomas J. Foltz*_____
                                        Thomas J. Foltz, Esq.

Sanders 06 1411 DC Defendants Answer to Complaint E sign 121107.1