IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER SANDERS** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA, et al.** )<br>)<br>)<br>Defendants ) | CA No. 06-1411 (PLF) |

### PLAINITFF'S MOTION TO COMPEL RESPONSES FROM THE DISTRICT OF COLUMBIA TO HIS INTERROGATORIES AND DOCUMENT REQUESTS AND FOR SANCTIONS

Plaintiff Christopher Sanders brings this Motion, pursuant to Fed. R. Civ. Proc. 37 (a), to Compel the Defendant District of Columbia to respond to his pending interrogatories and document requests and for sanctions pursuant to Rule 37 (d)(1)(A)(ii). In support thereof, Plaintiff states as follows:

Plaintiff brought this suit pursuant to the First and Fifth Amendments to the US Constitution and 42 USC § 1983 against Defendant District of Columbia and certain individual defendants because the Defendants retaliated against him for his exercise of free speech and because he petitioned the courts for redress of his grievances.  Plaintiff also brought suit because Defendants deprived him of his government employment without due process of law.  The Court has previously denied in part and granted in part the Defendants' motion to dismiss.

By Order dated November 19, 2007, the Court permitted written discovery in this matter to proceed while the parties attempted to resolve this matter with a settlement conference before Magistrate Facciola.

Consistent with the Court's Order, Plaintiff, by counsel, served interrogatories and document requests on the District via electronic mail and regular mail on December 21, 2007. (The individual defendants had appealed the Court's denial of qualified immunity to the D.C. Circuit.) Prior to the due date of January 24, 2008, District by counsel requested additional time in which to respond. Plaintiff's counsel, via e-mail consented to an extension of approximately two weeks, through February 6, 2008.

That date having passed Plaintiff's counsel contacted the District's counsel and was advised that the District would be unable to respond until mid-March. Plaintiff, by counsel, would not agree to this timeframe. The District has not sought an extension of time from the Court. Subsequently, counsel for the parties contacted the Court regarding this issue on February 14 and were advised that Plaintiff should file a brief Motion to Compel requiring the District to respond to Plaintiff's discovery requests.

Plaintiff now files this motion asking for three forms of relief. First, Plaintiff requests that the Court declare a date certain of when the District must respond. Plaintiff suggests March 3, 2008.

Second, Plaintiff requests that the Court find that the District has waived all of its objections. The Court should find that all objections were <u>waived</u> because there has been no timely response. Fed. R. Civ. Proc. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Banks v. Office of Senate Sergeant at Arms*, 222 F.R.D. 7, 21 (D.D.C. 2004); *Jayne H. Lee, Inc. v.*

2

*Flagstaff Indus. Corp.*, 173 F.R.D. 651, 654 (D.Md. 1997); *Daumer v. Allstate Ins. Co.*, 1992 U.S. Dist. LEXIS 16184 (D. Pa. 1992) ("Failure to make timely objections constitutes a waiver of any objections defendant might have had."); *Sterling Supply Corp. v. Mullinax*, 154 B.R. 660, 662 (D. Pa. 1993) (same). The same timeliness rule apply to Plaintiff's document requests. *See* Fed. R. Civ. Proc. 34 (b) (2) (A); *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007); *Drexel Heritage Furnishings v. Furniture USA, Inc.*, 200 F.R.D. 255 (M.D.N.C. 2001) (waiver is implicit in Rule 34's requirement that objections be explicitly stated).

Third, Sanctions may also be awarded pursuant to Rule 37(d)(1)(A)(ii) because the District has failed to serve "its answers, objections, or written response." Plaintiff does not request sanctions at this time. However, Plaintiff requests that the Court award him reasonable attorney fees incurred in pursuing this motion and for the filing of any reply. See, Rule 37(d)(3) (" … the court must require the party failing to act, the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure … .")

A Proposed Order is attached.

Respectfully submitted this the 15th day of February, 2008

_____/S/_____
Michael G. Kane, Bar No. 435288
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

## CERTIFICATION

I certify that I conferred in good faith with the District's counsel by telephone on February 12, 2008 and with the District's counsel and the Court on February 14 but was unable to resolve this issue.

_____/S/_____
Michael G. Kane