IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER SANDERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 06- 1411 (PLF) |
| | : | Status Conference February 26, 2008 |
| | : | 9:30 AM |
| DISTRICT OF COLUMBIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| _____ | : | |

DEFENDANTS' OPPOSITION TO THE MOTION TO COMPEL

Factual and Procedural Background

Defendants, Charles Ramsey, Jeffrey Herold and John Doe and the District of Columbia collectively ("the Defendants") hereby file their opposition to the Plaintiff's Motion to Compel. Defendants oppose the request for sanctions and attorneys' fees. A motion to enlarge the time to respond until March 28, 2008, is being filed as well today.

Fundamentally, three factors contributed to the delay in responding to the discovery: (1) the complexity of Plaintiff's requests; (2) the pendency of mediation; and (3) undersigned counsel's additional case assignments occurring unexpectedly at the beginning of this year. Additionally, the documents and information sought occurs in the context of a controversy that could, from plaintiff's perspective, stretch back a full decade. Additional counsel has been assigned to the case to assist in case preparation and litigation. A timely request for enlargement should have been filed before today but was not due to the need to more correctly estimate the time necessary for a response. Materials are being forwarded from the agency including a list of over 500 resignations from the MPD over the past seven years.

1

First, Defendants note initially that Plaintiff's interrogatories call for detailed analysis of Metropolitan Police Department records. For example, Plaintiff's interrogatories ask the Defendants to investigate at a minimum the matters set forth below:

1. Identify all MPD employees who have resigned within the past seven years including but not limited to employees who resigned while their matters were on appeal to an administrative body and include in your answer whether those individuals attempted to rescind their resignations and/or attempted to request reinstatement and, if so, the MPD action on that request and the reasons for that action.

2. Identify all policies and practices (formal and informal) that record, reflect or refer to the taking of any and all types of leave for MPD employees including but not limited to FMLA leave, sick leave, administrative leave etc.

3. Identify all policies and practices whether formal or informal at MPD that record, reflect or refer to the procedure for processing a request to rescind a resignation and/or a request to be reinstated.

4. Identify all persons responsible for formulating and implementing MPD regulations, policies and procedures for handling requests by officers to rescind their resignations and/or requests by officers to be reinstated.

5. Describe in detail the policy and procedure for investigating allegations of improper conduct on the police force for active employees as well as for former employees and identify or attach all documents that record, reflect or refer to such policy and/or procedure. If there is a procedure for active employees but no such policy for former employees, so state and identify why that is the case.

6. Identify all communications, written and oral, between District of Columbia and/or MPD official(s) in which Christopher Sanders was discussed in the May 2002 through the present.

7. Describe in detail all reasons why Plaintiff's request to rescind his resignation and/or be reinstated were denied.

8. Identify the date that defendant first learned of the allegations against Plaintiff that form the basis of the reports allegedly issued by Defendant Herold concerning Sanders and identify or attach all documents that would record, reflect or refer to manner in which Defendant first learned of the allegations.

9. Identify the e-mail system in use at MPD in the 2002-2003 timeframe and include in your answer the searchability functions of the system and whether back up tapes are accessible.

10. Identify all persons who have taken FMLA leave but who have not filled out the proper paperwork and any discipline to which those persons were subjected.

11. Identify all communications, written and oral, between District of Columbia and/or MPD official(s) in which Plaintiff's request to return to duty was discussed and identify or attach all documents that record, reflect or refer to such communications.

The events giving rise to Plaintiff's initial attempt to resign and his rescission of resignation occurred during August-September, 2002. In addition, plaintiff has alleged that he was retaliated against for filing a lawsuit in 1997 that was settled in 2002. Archival research and locating members of the Department who are now no longer with the Department is necessary to obtain accurate information. Plaintiff's discovery is, therefore, substantially more burdensome than a fresher controversy. Plaintiff has a decade long history of disputes with the Department.

     Secondly, Defendants note importantly that the parties were in mediation on January 7, 2008, before Magistrate Judge John M. Facciola. At the conclusion of that session Judge Facciola wrote a letter to undersigned counsel requesting information from the Metropolitan Police Department. A definitive response was not possible until the undersigned counsel met with the Chief of Police on February 14, 2008. The results of that meeting have been communicated to Judge Facciola. In addition, the Department's response has become additionally focused as the result of the meeting.

     Third, undersigned counsel was also tasked with five additional complex commercial cases, some at the verge of pre-trial at the beginning of the year due to the departure of an Assistant Attorney General in his section for other employment. Ideally, undersigned counsel would have moved for an enlargement in a timely fashion and did in fact obtain a voluntary extension from Plaintiff through February 6, 2008.

     Accordingly, under all the circumstances set forth above, Defendants would request until at least March 28, 2008 for answers. The search for documents and answers in this case involves archival search and refreshing memories more than most. Accordingly, Defendants submit the imposition of sanctions would be inappropriate where there have been both mediation and discovery efforts undertaken at the same time. As the argument set forth below indicates, the

Court is invested with broad discretion in deciding whether to impose sanctions. Sanctions are generally not to be assessed unless there is bad faith or willful violations of discovery obligations. Penalizing the Defendants here by revoking any ability to object (and thus eliminating any claim of privilege) is an outsized measure on this record.

Argument

District courts are imbued with wide discretion in fashioning responses to alleged discovery violations. 8A Wright, Miller & Marcus, Federal Practice & Procedure; Civil 2d §2284, n. 2. In particular District Courts can be reversed where, for example, there is a wholesale disclosure of privileged documents. Thus, as the Seventh Circuit Court of Appeals noted in Am. *Nat'l Bank & Trust Co. v. Equitable Life Assur. Society of the United States*, 406 F.3d 867, 877-878 (7th Cir. 2005) in reversing a District Court judge who had voided a party's entire privilege log of 400 documents because five out of twenty selected were deemed non-privileged:

> Discovery "sanctions may only be imposed where a party displays willfulness, bad faith, or fault." *Langley v. Union Elec. Co*., 107 F.3d 510, 514 (7th Cir. [*878] 1997). Here, the magistrate judge was silent on wilfulness and fault, addressing only bad faith. "Discovery sanctions are reviewed for an abuse of discretion." *Maynard v. Nygren*, 372 F.3d 890, 892 (7th Cir. 2004). While deferential, "this standard is not without teeth." *Salgado v. Gen. Motors Corp*., 150 F.3d 735, 737 (7th Cir. 1998). A district "court [does not] possess[] unfettered discretion to impose sanctions upon a recalcitrant party." *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). Accordingly, the method for arriving at the sanction must be fair. See *Salgado*, 150 F.3d at 740 ("We must . . . scrutinize the district court's methodology. Although the district courts have significant flexibility in the application of the [discovery] rules in question, that latitude is clearly constrained by the principles of due process of law."). The upshot is that, under the abuse of discretion standard, we will reverse a discovery sanction if its imposition "strikes us as 'fundamentally wrong,' or is 'clearly unreasonable, arbitrary, or fanciful.' " *Maynard,* 372 F.3d at 893 (quoting *Anderson v. United Parcel Serv*., 915 F.2d 313, 315 (7th Cir. 1990)).

4

Applying that standard in this case on this record would result in at best a date certain being set by the Court for responses.  Stripping the Defendants of their claims for privilege by denying all objections would be overreaching.  The record here is one of two lines of conduct—mediation and discovery—and a protracted dispute that reaches back a minimum of six if not ten years. Under such circumstances even good faith oversight could occur and if it did, it would not constitute grounds for sanctions. *Century Indem. Co. v. Aero-Motive* 254 F. Supp. 2d 670, 695 (W.D. Mich. 2003).

<u>Conclusion</u>

For the foregoing reasons, the Defendants respectfully request that the Court deny the motion to compel and the sanctions requested of a compelled waiver of all objections and attorneys' fees.  Defendants are working diligently to obtain information regarding the personnel system requested by the Plaintiff.

DATED: February 25, 2008        Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


         */s/ Kimberly M. Johnson*
KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1


         */s/ Thomas J. Foltz*
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202)  724-6652
(202) 727-0431 (fax)

E mail: Thomas.foltz@dc.gov

CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system.  This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on February 25, 2008.


_____/s/ Thomas J. Foltz_____
Thomas J. Foltz, Esq.

Sanders 06 1411 DC Opp Plaintiff MTC E sign  022508.1