**IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CHRISTOPHER SANDERS** | ) | |
| | ) | CA No. 06-1411 (PLF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**PLAINITFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR AN
EXTENSION OF TIME *NUNC PRO TUNC* AND REPLY ON PLAINTIFF'S
MOTION TO COMPEL RESPONSES**

Plaintiff Christopher Sanders files this Opposition to the Defendants' Motion to
Extend Time *nunc pro tunc* and, by this memorandum, also replies to the Defendants'
Opposition to his Motion to Compel.

By their own admission, Defendants' Motion for Extension to Respond to
Plaintiff's Discovery is untimely as Defendants did not file their Motion until February
26, 2008, which was some 19 days past the extended deadline of February 6, 2008 to
which Plaintiff's counsel had agreed. (Responses were originally due on January 21). In
their Motion, Defendants request a deadline of March 28 to respond, which would be
over two months past the original due date.

Defendants argue that "a timely request for enlargement should have been filed
before today but was not due to the need to more correctly estimate the time necessary for
a response."[1]  Defendants excuse totally lacks merit.  In fact, when Defendants originally

---

[1] See Defendants' Opposition to the Motion to Compel at 1.

requested more time from Plaintiff's counsel, via e-mail, on January 18, a request for an additional sixty days (*i.e.* March 21) was made. Plaintiff's counsel responded on January 22 that he would consent to an extension through February 6. (see attached e-mail exchange between counsel).

These facts, as reflected in the attached e-mail, show that the District has known since at least January 18 that it believed, at that point, it needed until late March (*i.e.* 60 days) to respond to the pending discovery requests yet it failed to file its Motion for extension until February 26, which was well after the February 6 due date. Even assuming, *arguendo*, that the discovery was complicated and Defendants' counsel was overworked, as Defendants' maintain in their Motion, filing a timely motion for discovery would have been an exceedingly easy step to take. This is especially true here where Defendants' Memorandum in support of their enlargement of time is only <u>two</u> pages long. Similarly, the fact that mediation was conducted on January 7 in this matter is of no moment as the session lasted about one hour and Defendants came to the mediation without any settlement authority. One can only conclude that Defendants' do not believe that the Federal Discovery Rules pertain to them. Defendants' actions do not constitute excusable neglect. *Inst. for Policy Studies v. United States CIA*, 246 F.R.D. 380, 385 (D.D.C. 2007) (rejecting finding of excusable neglect where excuse was attorney incorrectly calendared due date.)

Defendants disregarded the Rules and it is appropriate to find that all objections have been waived as Plaintiff requested in his Motion to Compel. This is not a sanction as the Defendants claim but a natural consequence of failing to abide by the time limits set forth in Fed. R. Civ. Proc. 33(b)(4) ("Any ground not stated in a timely objection is

waived unless the court, for good cause, excuses the failure.") and Fed. R. Civ. Proc. 34

(b) (2) (A).[2]

Courts have routinely enforced the waiver rule.  For example, Judge Facciola has

observed:

> Confronted with a discovery deadline, counsel must either comply with
> the obligation, seek a court order enlarging the time within which he must
> comply or stipulate with opposing counsel for such an enlargement, *** .

*Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855, 8-9 (D.D.C. 1998) ("Defendants objections

as to burdensomeness, attorney-client or attorney work-product privilege, vagueness or

overbreadth are waived because they were not timely asserted.")

Waiver is particularly appropriate here given that Defendants have still not filed

any response to the pending discovery and they are requesting more time to respond after

the deadline for response has past.  Were the Court to grant Defendants' Motion to serve

responses by March 28 and also allow Defendants to raise objections, Plaintiff might well

be served with nothing more than a list of objections come March 28 thus necessitating

another motion to compel.

Contrary to Defendants' assertions, Plaintiff is being prejudiced by these dilatory

tactics.  Plaintiff filed this case in 2006.  Defendants' should not be allowed to delay the

resolution of this matter by unilateral and unjustified extensions of the discovery rules.

246 F.R.D. at 384 (D.D.C. 2007), *quoting, Cobell v. Norton*, 213 F.R.D. 42, 42-43

---

[2] Given that waiver in this instance is not a sanction but, in fact, a requirement of Rule 33(b)(4) and 34(b)(2)(A), Defendants' reliance on *Am. Nat'l Bank & Trust Co. v. Equitable Life Assur. Soc'y of the United States*, 406 F.3d 867, 877 (7th Cir. 2005) is misplaced.  In that case, Defendants were being sanctioned for mischaracterizing documents as privileged.  The issue of the timeliness of the responses was not before the court and, consequently, the court did not do the analysis required by Rules 33 and 34. Rather, the court used Rule 37.  The only relief Plaintiff in the present matter requested under Rule 37 was attorney fees and expenses for bringing the motion to compel pursuant to Fed. R. Civ. Proc. 37(d)(3), which is a mandatory sanction under the plain language of Rule 37.

(D.D.C. 2003) ("it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules.")

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion for Enlargement and grant Plaintiff's Motion to Compel.

Respectfully submitted

_____/S/_____
Michael G. Kane, Bar No. 435288
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

February 29, 2008

CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on February 29, 2008.

_____/S/_____
Michael G. Kane