IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER SANDERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 06- 1411 (PLF) |
| | : | No Scheduled Event |
| | : | Parties to Submit Sched. Order |
| DISTRICT OF COLUMBIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| _____ | : | |

DEFENDANTS' REPLY TO THE OPPOSITION TO THE MOTION TO ENLARGE

Factual and Procedural Background

Defendants, Charles Ramsey, Jeffrey Herold and John Doe and the District of Columbia collectively ("the Defendants") hereby file their Reply to the Opposition to the Motion to Enlarge Time to file a discovery response. Defendants note that Plaintiff has indicated that it consolidated its Opposition to that motion with its Reply to the Defendants' Opposition to Plaintiff's Motion to Compel.

Plaintiff argues that the date sought by Defendants to respond to discovery – March 28, 2008, would be slightly more than the two months after plaintiff issued its discovery on or about December 21, 2008, and that he has been prejudiced thereby.  Plaintiff further asserts that the waiver of several privileges due to the lack of timely assertion constitutes no sanction and the waiver should be imposed automatically without any equitable considerations.  Defendants argue that the law of this Circuit requires an equitable approach and that there should be no automatic waiver of objections.

Defendants additionally note the following: (1) plaintiff filed his discovery when the parties were under a mediation order entered by the Court on November 19, 2008; (2) mediation was not concluded on January 7, 2008, since Judge Facciola wrote undersigned counsel a letter on January 7, 2008, requesting information about plaintiff's possible re-instatement; (3) a detailed response sent by undersigned counsel on February 22, 2008, was not possible until undersigned counsel met with the Chief on February 14, 2008; and (4) the parties had not otherwise agreed to and the Court had not imposed a discovery cut off, for either fact or expert witness discovery (the Court had in fact stayed depositions at the November status conference).

Argument

Defendants' argument that "good cause" exists for a 6(b) (2) enlargement is well founded under the test for excusable neglect within this Circuit. Under radically different facts from the case currently before this Court (-i.e. - no request for an enlargement filed), the D.C. Circuit Court of Appeals in *Smith v. District of Columbia,* 430 F. 3d 450, 456-457, 368 U.S. App. D.C. 361 (D.C. Cir. 2005) held it was an abuse of discretion by the trial court to allow the District to file a late motion for summary judgment. The Circuit, however, set forth a four part test to be followed.

> We have been quite deferential to Rule 6(b) decisions in the past, even affirming a deadline extension that was granted without a formal finding of excusable neglect when the court found no prejudice to the other party. n5 See *Yesudian ex rel. United States v. Howard Univ.,* 348 U.S. App. D.C. 145, 270 F.3d 969, 971 (D.C. Cir. 2001). In *Yesudian,* however, we found that the Rule 6(b) (2) motion requirement may have been satisfied by a memorandum filed by the requesting party. Id. Here, the District concedes that it never moved for an extension of the deadline. In the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion. See *Lujan,* 497 U.S. at 896 (stating that "any postdeadline extension must be 'upon motion made'"). Under these circumstances, then, we are compelled to conclude that the district court abused its discretion in entertaining the late motion for summary judgment on Smith's

2

disability discrimination claim.

FOOTNOTES

n5 The danger of prejudice to the other party is one of the factors to be considered in making a determination of "excusable neglect." See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (construing Bankr. R. 9006(b)); see also *Yesudian ex rel. United States v. Howard Univ.,* 348 U.S. App. D.C. 145, 270 F.3d 969, 971 (D.C. Cir. 2001) (applying the Pioneer analysis to Rule 6(b)). Other factors to be considered in this equitable determination include "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer,* 507 U.S. at 395. Although the district court did not make a formal finding of excusable neglect, we note that the Pioneer factors would not have supported the district court's acceptance of the District's late motion, even if the District had filed a formal request for an extension. First, the district court found Smith would suffer prejudice from the District's late filing; the award of costs and attorney's fees was aimed at remedying the prejudice. Second, the length of the delay was well over a year, not just a few days. Third, the District did "not even attempt to justify . . . ignoring the deadlines"; no reason for the delay was presented. Smith III, 2005 U.S. Dist. LEXIS 2853, 2005 WL 488824, at *3. Only one of the four factors--that the District did not appear to act in bad faith--supports the court's decision.

Thus, contrary to Plaintiff's contention that there can be no equitable consideration of delay factor, Fed. R. Civ. P. 6(b) (2) motions are reviewed under the Circuit's standards in a manner that would support an equitable determination, and not an automatic sanctions decision. The four factors to be applied are, therefore: (1) prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

    Application of those factors should result in a supportable finding of excusable neglect in this case. First, there is little prejudice to the plaintiff; the delay sought is slightly more than two months beyond plaintiff's initial due date for interrogatories that have required and will continue

to require extensive research by Defendants.   Furthermore, plaintiff's counsel has indicated that he anticipates additional discovery upon the receipt of the Defendants' first responses. Secondly, the length of delay – a little more than sixty days— militates against a substantial potential impact on the judicial proceedings. This is a multi-year case which Plaintiff filed close to the end of the limitations period.  Third, the delay was in part the result of undersigned counsel's increased work load and in part the result of the need to attempt to complete an initial attempt at mediation.  The delay was not entirely within the reasonable control of undersigned counsel.  Fourth, undersigned counsel has acted in good faith by notifying plaintiff's counsel of the probable delay.

Additionally, Defendants note, there is no automatic waiver of objections for the lack of timely filing. A case specific analysis is required.  Thus, in *Ayers v. Cont'l Cas. Co*., 240 F.R.D. 216, 222-223 (D. W. Va. 2007) the District Court found that while plaintiffs had waived objections for failure to file objections with answers for over six months, a six factor test would be appropriate to determine whether waiver of objections would be deemed to have occurred.  As the Court noted, there was a split of authority.

> There is a split of authority regarding whether claims of privilege not timely asserted are waived. Some courts hold the failure to timely assert the privilege results in waiver. See, e.g*., Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (CD. Cal. 2005*); United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572 (E.D. Ill. 1975). Other courts find that an untimely assertion of privilege results in waiver only in some circumstances. See, e.g., *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005); *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 363 (D. Neb. 2004); *Pham v. Hartford Fire Ins. Co*., 193 F.R.D. 659, 662 (D. Colo. 2000). The Carlson court noted that "waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *Carlson*, 226 F.R.D. at 363 (quoting *United States v. Phillip Morris Inc*., 358 U.S. App. D.C. 226, 347 F.3d 951, 954 (D.C. Cir. 2003)). The Hall court held that the party facing waiver should have to show good cause why waiver should not occur. *Hall,* 231 F.R.D. at 474. It suggested a six part test for evaluating the propriety of waiver: (1) the length of the delay . . . (2) the reason for the delay . . . (3) whether there was any dilatory or bad faith action on the part of the party that failed to

4

>raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the . . . request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party .Id.

Application of that six factor test parallels in many respects the application of the four factor test for excusable neglect under Fed. R. Civ. P. 6(b) (2).

Thus, factors one, two and three —length of delay, reasons for the delay and whether there was any dilatory conduct—clearly favor non-waiver of the objections.  A little over two months delay when undersigned counsel was attempting to complete other assignments in this case and several other cases hardly demonstrates substantial delay or dilatory conduct. Factor four – the prejudice to the party seeking discovery—is slight given the overall history of the case and plaintiff's timing in filing the action. Factor five—whether the request was properly framed and was not excessively burdensome—would again demonstrate that there should be no automatic waiver of objections.  Plaintiff's discovery while nominally proper has entailed substantial research for Defendants.  Finally factor six—whether waiver would impose an excessively harsh result on the defaulting party—would particularly recommend that there be no waiver.  For both the personal and governmental defendant here loss of privileges such as the attorney client privilege and the deliberative process privilege would be an especially harsh result.  On balance, Defendants have been as diligent as possible under the circumstances, plaintiff has suffered insubstantial prejudice in light of the history of the litigation and the imposition of a waiver of objections would be unduly harsh.

## Conclusion

For the foregoing reasons, Defendants respectfully request the Court to deny the motion to compel and to grant the motion for enlargement of time to respond to discovery.

DATED: March 7, 2008			Respectfully submitted,

			PETER J. NICKLES
			Interim Attorney General for the District of Columbia

			GEORGE C. VALENTINE
			Deputy Attorney General, Civil Litigation Division


			_____/s/ Kimberly M. Johnson_____
			KIMBERLY M. JOHNSON   D.C. Bar No. 435163
			Chief, General Litigation Section 1


			_____/s/ Thomas J. Foltz_____
			THOMAS J. FOLTZ
			Assistant Attorney General
			D.C. Bar No. 462858
			441 Fourth Street, N.W.
			Washington, D.C. 20001
			(202) 724-6652
			(202) 727-0431 (fax)
			E mail: Thomas.foltz@dc.gov


CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on March 7, 2008.

			_____/s/ Thomas J. Foltz_____
			Thomas J. Foltz, Esq.


Sanders 06 1411 DC Reply to Opp to Mtn Nlrg E sign 030708