UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
CHRISTOPHER SANDERS,                      )
                                          )
            Plaintiff,                    )
                                          )
     v.                                   )   Civil Action No. 06-1411
                                          )
DISTRICT OF COLUMBIA, et al.,             )
                                          )
            Defendants.                   )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's motion to compel responses from the District of Columbia to his interrogatories and document requests and for sanctions, and defendants' motion to enlarge time to respond to discovery. Both motions are fully briefed.[1] Upon careful consideration of the papers filed and the entire record herein, the Court will grant plaintiff's motion and deny defendants' motion.

After a status conference with the parties on November 19, 2007, the Court issued a scheduling order which provided that written fact discovery could proceed. On the same day, the Court referred the parties to Magistrate Judge Facciola for settlement discussions.

---

[1] The papers submitted to the Court in connection with these motions include: plaintiff's motion to compel responses from the District of Columbia to his interrogatories and document requests and for sanctions ("Mot. Compel"); defendants' opposition to the motion to compel ("Opp. Compel"); defendants' motion to enlarge time to respond to discovery ("Mot. Enlarge"); plaintiff's opposition to defendants' joint motion for an extension of time nunc pro tunc and reply on plaintiff's motion to compel responses ("Reply Compel"); and defendants' reply to the opposition to the motion to enlarge ("Reply Enlarge").

On December 21, 2007, plaintiff served interrogatories and document requests on the defendants. See Mot. Compel at 2. Defendants' counsel requested from plaintiff's counsel an extension of time in which to respond beyond the time provided for in the Rules, and plaintiff's counsel consented to a two-week extension, until February 6, 2008. Id. When defendants' counsel did not respond by the deadline, plaintiff's counsel communicated with defendants' counsel. Together they contacted the chambers of the undersigned by telephone. With the Court's permission, plaintiff's counsel then filed the pending motion to compel. In it, plaintiff requests that "the Court declare a date certain when the District must respond[,]" and that the Court "find that the District has waived all of its objections . . . because there has been no timely response." Mot. Compel at 2 (citing FED. R. CIV. P. 33(b)(4)). Plaintiff also makes a request for attorneys' fees incurred with respect to this motion. See Mot. Compel at 3 (citing FED. R. CIV. P. 37(d)(3)).

The Rule governing interrogatories provides that the "responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the Court." FED. R. CIV. P. 33(b)(2). Under this Rule, defendants' responses were due by February 6, 2008, the date agreed to by plaintiff's counsel. If defendants' counsel was unable to respond to the discovery requests by this date, and was unable to persuade plaintiff's counsel to stipulate to a further extension of time, defendants' counsel had only one other option under the Rule – to file a motion for an extension of time with the Court.

Defendants' counsel did not file such a motion on or before February 6, 2008, the date that the discovery responses were due. Instead, defendants' counsel filed nothing until

February 25, 19 days after the deadline – the same day that he filed an opposition to plaintiff's motion to compel. Defendants' counsel, in the brief in opposition to the motion to compel, gives three reasons for the "delay in responding to discovery: (1) the complexity of plaintiff's requests; (2) the pendency of mediation; and (3) undersigned counsel's additional case assignments occurring unexpectedly at the beginning of this year." Opp. Compel at 1. The Court has no opinion on the complexity, or not, of plaintiff's requests. And the Court does not doubt that the attorneys at the Office of the Attorney General are busy. Neither of those factors, however, excuses counsel from *timely* requesting an extension of time if counsel was unable to comply with the deadlines set forth in the Federal Rules of Civil Procedure. With respect to the pendency of mediation, it is not a factor that excuses non-compliance with the Rules, unless, of course, the parties agreed to or the Court ordered a stay of discovery during mediation. In this case, however, the parties were aware that written fact discovery was to proceed during settlement discussions. See, e.g., November 19, 2007 Scheduling Order. Counsel cannot watch a deadline pass and simply do nothing until after a judge's chambers has been contacted and a motion to compel has been filed.

Moreover, plaintiff is correct about objections now having been waived. As noted above, the Rules provide that the "responding party must serve its answers *and any objections* within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the Court." FED. R. CIV. P. 33(b)(2) (emphasis provided). And the Rule further provides that the "grounds for objecting to an interrogatory must be stated with specificity. *Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.*" FED. R. CIV. P. 33(b)(4) (emphasis provided); see Banks v.

Office of the Senate Sergeant-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004); see also Ayers v. Continental Casualty Co., 240 F.R.D. 216. 221-23 (N.D.W.Va. 2007).  Defendants' counsel has not offered any good cause for his failure timely to move for an extension of the deadline – the Court is not even sure that excusable neglect has been shown.  See Institute for Policy Studies v. United States Central Intelligence Agency, 246 F.R.D. 380, 383-85 (D.D.C. 2007).  The Court also agrees with the plaintiff that this waiver is not a sanction – it is simply a consequence of failing to abide by the Federal Rules of Civil Procedure.  See Reply Compel at 2-3.  Indeed, as noted above, this consequence is explicitly laid out in Rule 33 itself.  See also 7 MOORE'S FEDERAL PRACTICE AND PROCEDURE § 33.174[2] (3d. Ed. 2002).  Accordingly, it is hereby

> ORDERED that plaintiff's motion to compel [21] is GRANTED; it is

> FURTHER ORDERED that defendants' untimely motion for an enlargement of time to respond to discovery is DENIED; it is

> FURTHER ORDERED that defendants shall respond to the discovery requests at issue on or before April 28, 2008; it is

> FURTHER ORDERED that defendants' objections to the discovery requests at issue are WAIVED under Rule 33(b)(4) of the Federal Rules of Civil Procedure.  If the defendants would like to request that *specific* objections based on privilege be excluded from the waiver found under this Order, the defendants may make a specific request to the Court by timely written motion on or before April 28, 2008; and it is

FURTHER ORDERED that plaintiff shall be awarded his reasonable attorneys' fees and costs incurred in pursuing his motion to compel. Plaintiff shall submit a request for fees and costs with appropriate documentation and a proposed Order by May 2, 2008. Defendants will have 7 calendar days to file any objections to the reasonableness of the fees and expenses sought by plaintiff.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 16, 2008