IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER SANDERS**         )<br>                                                              )<br>            Plaintiff,                         )<br>                                                              )<br>       v.                                              )<br>                                                              )<br>**DISTRICT OF COLUMBIA, et al.**  )<br>                                                              )<br>                                                              )<br>            Defendants                    )<br>_____)   | CA No. 06-1411 (PLF) |

### PLAINITFF'S RULE 54(B) MOTION TO RECONSIDER A PORTION OF THE COURT'S AMENDED ORDER OF NOVEMBER 9, 2007

Plaintiff, Christopher Sanders, brings this motion pursuant to Fed. R. Civ. Proc. 54(b) and requests that the Court reconsider that part of its November 9, 2007 Order that dismissed the District of Columbia from Count I of the Complaint, which alleged that Defendants had retaliated against Mr. Sanders for exercising his free speech rights and for petitioning the government for a redress of grievances.  Plaintiff Sanders respectfully suggests  that he sufficiently alleged that the retaliatory acts alleged in Count I were undertaken by a final policymaker such that the municipality could be held liable per *Pembauer v. City of Cincinnati*, 475 U.S. 469, 481 (U.S. 1986) and *Brown v. District of Columbia*, 514 F.3d 1279, 1284 (D.C. Cir. 2008).  In addition, as reflected below, documents recently produced by the District support Plaintiff Sanders' allegations in the Complaint that the Chief of Police was a final policymaker and provide additional support for the instant motion to reconsider.

**FACTUAL AND PROCEDURAL BACKGROUND**:

Plaintiff Sanders brought this suit pursuant to the First and Fifth Amendments to the US Constitution and 42 USC § 1983 against Defendant District of Columbia, and certain individual defendants, namely the then Chief of Police Ramsey and Jeffrey Herold, because the Defendants retaliated against him for his exercise of free speech and also because he petitioned the courts for redress of his grievances. Plaintiff Sanders also brought suit because Defendants deprived him of his government employment without due process of law.

The Court has previously summarized the relevant facts as follows:

> Christopher Sanders became a police officer with the District of Columbia Metropolitan Police Department ("MPD") in 1990. See Complaint ("Compl.) PP 3, 8. In 1996, Sanders was selected to oversee a division called the Special Emphasis Unit ("SEU"), a unit within the Narcotics and Special Investigations Division. See id. P 9. During his time with the SEU, Sanders noticed a pattern of certain employees abusing time and attendance policies. See id. P 11. Concerned that these abuses were resulting in a loss of taxpayer money, Sanders reported the matter to his superiors and testified before the City Council; his statements were covered in the local media. See id. After he made his statements and the matter became public, Sanders alleges that he was deprived of overtime pay, reassigned to a lesser assignment and physically threatened by his fellow officers. See id. P 12. Sanders sued the MPD for violations of his rights to free speech (Civil Action No. 97-2398). Id. P 13. The parties settled that suit in August 2002; under the terms of the settlement, the District was required to promote plaintiff to Lieutenant. See id. P 16.
>
> Shortly after the settlement, Sanders contemplated pursuing an MBA degree at Marymount University in Arlington, Virginia. See Compl. P 17. Sanders maintains that MPD officials assured him that even if he resigned from the Department to pursue his education, he was free to come back within one year. See id. PP 18, 19. Plaintiff resigned in September 2002. See id. P 21. Shortly after resigning from the Department, Sanders had a change of heart and attempted to rescind his resignation. See id. P 23. Sanders alleges that he contacted the District on several occasions to confirm whether the request to rescind his resignation had been approved, but received no response. See id. PP 25, 26.

> During this time period, the MPD began an investigation into Sanders' conduct. See Compl. P 27. Sanders contends that the investigation took place without his knowledge and was a disingenuous attempt based on false allegations to find a reason to deny his request to rescind his resignation. See id. PP 27, 28. Plaintiff alleges that the investigation was conducted by defendant Herold and/or Doe. See id. P 31. On August 15, 2003, defendants informed Sanders that the MPD had decided not to reinstate him to his position, but provided Sanders with no additional explanation. See id. P 33. In late 2005, Sanders learned that the MPD denied the request to rescind his resignation because the MPD had concluded that he had made an untrue statement regarding the date he planned to return from leave, and because he was absent for more than four consecutive hours. See id. PP 29, 33. According to Sanders, the MPD did not interview him during the investigation, disclose the results of the investigation to him, or give him an opportunity to respond to the charges. See id. P 30.
>
> Sanders alleges that defendants violated his First Amendment rights by retaliating against him for speaking out on a matter of public concern.[1] In addition, he alleges that defendants violated his procedural and substantive due process rights by failing to give him notice and an opportunity to be heard. He brings both claims under 42 U.S.C. § 1983 for violation of his civil rights. Sanders has filed this suit against the District of Columbia as well as against former Police Chief Charles Ramsey (sued in his individual and official capacities), MPD Captain Jeffrey Herold (sued in his individual capacity only), and John Doe.

*Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 86-87 (D.D.C. 2007)

**COURT'S FINDING AS TO MUNICIPAL LIABILITY ON COUNT I:**

With regard to the District of Columbia's liability on Count I – retaliation, the

Court concluded:

> In order to hold a municipality liable for civil rights violations of its employees under 42 U.S.C. § 1983, the municipality must have acted in accordance with a "government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see Feirson v. District of Columbia*, 506 F.3d 1063, 2007 U.S. App. LEXIS 25356, 2007 WL 3145355, at * 3 (D.C. Cir. October 30, 2007) ("To impose liability on the District under 42

---

[1] Mr. Sanders also alleged that he was retaliated against because he had petitioned the court for a redress of grievances. See, Complaint at ¶ 1.

3

> U.S.C. § 1983, [plaintiff] must show 'not only a violation of his rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation.'") (*citing Warren v. District of Columbia*, 359 U.S. App. D.C. 179, 353 F.3d 36, 38 (D.C. Cir. 2004)). Proof of a single incident of unconstitutional activity is insufficient to impose liability unless there was proof that there was a policy in place that was unconstitutional. *See Monell v. Dep't of Social Servs.*, 436 U.S. at 694. Defendants contend that the District of Columbia cannot be held liable because plaintiff has failed to demonstrate that the District had a custom or policy of retaliating against employees for exercising the right to free speech under the First Amendment. The Court agrees with defendants.
>
> Plaintiff has not alleged that the District of Columbia had a policy or practice of retaliating against employees for exercising the right to free speech under the First Amendment or that he suffered injury because of any such custom or policy. Nor has plaintiff pointed to any other employee who suffered similar retaliation. The policy or custom must be pervasive to support municipal liability, *Carter v. District of Columbia*, 254 U.S. App. D.C. 71, 795 F.2d 116 (D.C. Cir. 1986), and the Court finds that the one incident of alleged retaliation against Sanders does not qualify as pervasive. Plaintiff asserts that he has alleged sufficient facts on this point, but the Court concludes that he has not. The Court therefore will grant defendants' motion to dismiss with respect to the First Amendment retaliation claims against the District of Columbia under Section 1983.

*Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 88 (D.D.C. 2007)

**THE COURT DID NOT ADDRESS MR. SANDERS' ARGUMENT THAT THE DISTRICT OF COLUMBIA IS LIABLE BECAUSE THE INDIVIDUAL DEFENDANT CHIEF OF POLICE WAS A "FINAL POLICYMAKER."**

While the Court addressed one aspect of the policy or practice prong of municipal liability under § 1983, it did not address Plaintiff Sanders' argument that the District should be liable because one of the individual defendants (former Chief of Police Ramsey) was a "final policymaker."[2] Municipalities may also incur liability if the

---

[2] By limiting his argument to the final policymaker part of municipal liability, Mr. Sanders does not intend to waive his right to appeal that part of the Court's order that found he did not allege sufficient facts as to policy or practice liability.

4

unconstitutional action was taken by a "final policymaker." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (U.S. 1986). On this point the Supreme Court has held:

> … a government frequently chooses a course of action tailored to a particular situation and not intended to control decisions in later situations. If the decision to adopt that particular course of action is properly made by that government's authorized decision-makers, it surely represents an act of official government "policy" as that term is commonly understood. [footnote omitted]. More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible <u>whether that action is to be taken only once</u> or to be taken repeatedly. To deny compensation to the victim would therefore be contrary to the fundamental purpose of § 1983."

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (U.S. 1986) (emphasis added).

Municipal liability attaches where the decision-maker possesses final authority to establish municipal policy with respect to the action ordered. *Pembaur* at 481 (U.S. 1986). In short, the Supreme Court held that municipal liability under § 1983 attaches where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter that is in question. *Pembaur* at 484. In the alternative, municipal liability may attach where the final policymaker should have known of the unconstitutional acts of his subordinates, but failed to take corrective action. *Brown v. District of Columbia*, 514 F.3d 1279, 1284 (D.C. Cir. 2008) ("Brown also avers facts sufficient to hold the District liable under *Monell* because he alleges that the District failed to act even though it "knew or should have known of the risk of constitutional violations."); *Baker v. District of Columbia*, 356 U.S. App. D.C. 47 (D.C. Cir. 2003).

Plaintiff Sanders alleged facts, which, if true, would establish that Chief Ramsey was a final policymaker with respect to the retaliatory actions taken against Plaintiff and/or that Chief Ramsey should have known of the unconstitutional acts of his

subordinates, but failed to take corrective action. As alleged in the Complaint with regard to Count I:

> Defendant District of Columbia violated Plaintiff Sanders' first amendment right to speak out on matters of public concern and petition the court for redress because <u>Chief Ramsey was the final policy maker</u> regarding the reinstatement of former MPD police officers and the MPD's treatment of persons who complain of waste and misuse of MPD personnel and funds. *** Further, Chief Ramsey, as supervisor, was aware of, or should have been aware of, the unconstitutional acts of his subordinates Herold and Doe but failed to take corrective action.

Complaint at ¶ 43 (emphasis added). See also ¶ 5 of the Complaint which also alleges that Defendant Ramsey was the final policymaker.

Elsewhere in the Complaint, Plaintiff Sanders alleged that Chief Ramsey knew that the allegations in the Herold report were false and were not supported by the evidence relied upon in the investigation (¶ 28); Chief Ramsey refused to reinstate Plaintiff either because of his free speech and lawsuit participation and/or because he was induced to do so by Herold and others (¶ 33). Furthermore Ramsey showed a "deliberate indifference" to Plaintiff Sanders' First amendment rights to speak out on matters of public concern and petition the government for a redress of grievances (¶ 38).

As shown in these allegations, Plaintiff Sanders sufficiently alleged that the District should be liable through the actions of Chief Ramsey on a final policymaker theory either because he consciously made a decision to violate Plaintiff Sanders' rights and/or because he knew, or should have known, of the unconstitutional acts of his subordinates but failed to take corrective action. *See, Pembauer, supra*; *see also*, *Baker v. District of Columbia*, 326 F.3d 1302, 1307 (D.C. Cir. 2003) ("Deliberate indifference

6

is determined by analyzing whether the municipality knew or should have known of the risk of constitutional violations, an objective standard.")

Plaintiff Sanders made this argument in his opposition to the motion to dismiss and in doing so, relied on Judge Harris' opinion from the first Sanders case:

> The District also contends that plaintiffs have failed to state a claim against it because there is no respondeat superior liability under § 1983. A municipality may be held liable for the civil rights violations of its employees if the wrongdoer was acting in accordance with "a government[] policy or custom, whether made by its lawmakers <u>or by those whose edicts or acts may fairly be said to represent official policy</u>." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 89 L. Ed. 2d 452, 106 S. Ct. 1292 (1986) (plurality). Plaintiffs' complaint contains sufficient allegations to meet this standard.

*Sanders v. District of Columbia*, 16 F. Supp. 2d 10, 14 (D.D.C. 1998) (emphasis added) (cited in Plaintiff's Opposition to the Motion to Dismiss at page 22.) *See also* <u>Plaintiff's Opposition to Motion to Dismiss</u> at 21: "Instead, Plaintiff alleges facts which, if true, would establish municipal liability under the two traditional theories of municipal liability 1) policy or custom and 2) <u>actions by a final policymaker</u>." (emphasis added).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 87 (D.D.C. 2007), *quoting from Erickson v. Pardus*, 127 S. Ct. at 2200; *and citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1965; *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991). The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts

7

alleged." 522 F. Supp. 2d at 87 *citing, Kowal v. MCI Communs. Corp.*, 16 F.3d at 1276; *see also Browning v. Clinton*, 292 F.3d at 242; *Sparrow v. United Air Lines, Inc.*, 342 U.S. App. D.C. 268, 216 F.3d 1111, 1113 (D.C. Cir. 2000).

Further, Plaintiff Sanders' allegations meet the "plausibility" standard that the Court discussed in its November 9, 2007 opinion. See, 522 F. Supp. 2d at 87 *citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65 (*quoting Twombly* that there was no "probability requirement at the pleading stage," but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 1965, or must be sufficient "to state a claim for relief that is plausible on its face." Id. at 1974.)

Indeed, Plaintiff Sanders' allegations are entirely plausible given the Defendant's responses to the Plaintiff's written discovery requests as the following interrogatories and responses illustrate:

> 5.   Identify all policies and practices whether formal or informal at MPD that record, reflect or refer to the procedure for processing a request to rescind a resignation and/or a request to be reinstated.

> 6.   Identify all persons responsible for formulating and implementing MPD regulations, policies and procedures for handling requests by officers to rescind their resignations and/or requests by officers to be reinstated.

The District's response to both of these interrogatories was:

> RESPONSE: A resignation rescission request may be granted at the discretion of the <u>Chief of Police</u>. D.C. Official Code § 36-1301, *et. seq.;* 6 DCMR § 807; 6 DCMR § 816.

*See*, portions of Defendant District of Columbia's Answers to Interrogatories attached hereto (emphasis added) (Ex. 1)

In addition, the District's own written policies state that:

The Chief of Police is the designated authority with respect to discipline.

*See* <u>General Order 1202.1</u> "Disciplinary Procedures and Processes" at Part II G (page 33) attached hereto (Ex. 2).

Pursuant to Fed. R. Civ. Proc. 54(b) a district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); *Powell v. Castaneda*, 247 F.R.D. 179, 181 (D.D.C. 2007). Reconsideration of an interlocutory decision is available under the standard, "as justice requires." *Powell* at 181. "As justice requires" indicates concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." Cobell, 224 F.R.D. at 272 (internal citation omitted). These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining "whether reconsideration is necessary under the relevant circumstances." *Id. (internal citations omitted)..*

Plaintiff avers that reconsideration is necessary here. The D.C. Circuit has held that:

> … if a complaint alleging municipal liability under § 1983 may be read in a way that can support a claim for relief, thereby giving the defendant fair notice of the claim, that is sufficient.

*Baker v. District of Columbia*, 326 F.3d 1302, 1307 (D.C. Cir. 2003) *citing, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993); *Anyanwutaku v. Moore*, 331 U.S. App. D.C. 379, 151 F.3d 1053, 1058 (D.C. Cir. 1998).

Here, as shown above, Plaintiff Sanders sufficiently alleged that the Chief of Police, as the final policymaker, violated Plaintiff's constitutional rights when he "knowingly" refused to reinstate Plaintiff Sanders and/or because the Chief "should have known" of the unconstitutional acts of his subordinates, but failed to take corrective action. The District had "fair notice" of these claims based on these allegations as required by the *Baker* case. These allegations were not addressed in the Court's prior opinion dismissing the District of Columbia from Count 1 and reconsideration is, therefore, appropriate as justice so requires.

## CONCLUSION

Plaintiff Sanders respectfully suggests that the Court should reconsider its November 9, 2007 Order to the extent it dismissed the District of Columbia from Count I of the Complaint on the basis that Plaintiff had not sufficiently alleged facts that would give rise to municipal liability. As shown above, Plaintiff Sanders respectfully suggests that he has alleged sufficient facts to allege a cause of action against the District of Columbia on Count I based on the allegation that former Chief Ramsey was a "final policymaker" and, in that capacity, he consciously chose to violate Plaintiff's rights and/or he was aware of or should have been aware of his subordinates' unconstitutional acts, but failed to take corrective action.

A Proposed Order is attached.

Respectfully submitted this the 28th day of April, 2008

_____/S/_____
Michael G. Kane, Bar No. 435288
David R. Cashdan, Bar No 051342

CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

## CERTIFICATION

I certify that I conferred in good faith with the District's counsel via e-mail on April 28, 2008 concerning this motion and did not receive consent.

_____/S/_____
Michael G. Kane