IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER SANDERS** ) | |
| ) | CA No. 06-1411 (PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **DISTRICT OF COLUMBIA, et al.** ) | |
| ) | |
| ) | |
| Defendants ) | |
| ) | |

**PLAINITFF'S MOTION TO AMEND THE COMPLAINT**

Plaintiff, Christopher Sanders, brings this motion pursuant to Fed. R. Civ. Proc. 15(a) and Fed. R. Civ. Proc. 20 to amend the complaint to substitute two parties for the John Doe Defendants named in the original pleading and to add specific allegations concerning these two Defendants. The actions against the two new defendants are timely in that Plaintiff Sanders did not know, and should not have known, that they had committed an unconstitutional act against him until recently and within the three years of the relevant statute of limitations. The amended complaint is attached.

**FACTUAL AND PROCEDURAL BACKGROUND**:

Plaintiff brought this suit pursuant to the First and Fifth Amendments to the US Constitution and 42 USC § 1983 against Defendant District of Columbia and certain individual defendants, then Chief of Police Ramsey and Jeffrey Herold, because the Defendants retaliated against him for his exercise of free speech and because he petitioned the courts for redress of his grievances. Plaintiff also brought suit because the Defendants deprived him of his government employment without due process of law.

The Court has previously summarized the relevant facts as follows:

Christopher Sanders became a police officer with the District of Columbia Metropolitan Police Department ("MPD") in 1990. See Complaint ("Compl.) PP 3, 8. In 1996, Sanders was selected to oversee a division called the Special Emphasis Unit ("SEU"), a unit within the Narcotics and Special Investigations Division. See id. P 9. During his time with the SEU, Sanders noticed a pattern of certain employees abusing time and attendance policies. See id. P 11. Concerned that these abuses were resulting in a loss of taxpayer money, Sanders reported the matter to his superiors and testified before the City Council; his statements were covered in the local media. See id. After he made his statements and the matter became public, Sanders alleges that he was deprived of overtime pay, reassigned to a lesser assignment and physically threatened by his fellow officers. See id. P 12. Sanders sued the MPD for violations of his rights to free speech (Civil Action No. 97-2398). Id. P 13.  The parties settled that suit in August 2002; under the terms of the settlement, the District was required to promote plaintiff to Lieutenant.[1] See id. P 16.

Shortly after the settlement, Sanders contemplated pursuing an MBA degree at Marymount University in Arlington, Virginia. See Compl. P 17. Sanders maintains that MPD officials assured him that even if he resigned from the Department to pursue his education, he was free to come back within one year. See id. PP 18, 19. Plaintiff resigned in September 2002. See id. P 21. Shortly after resigning from the Department, Sanders had a change of heart and attempted to rescind his resignation. See id. P 23. Sanders alleges that he contacted the District on several occasions to confirm whether the request to rescind his resignation had been approved, but received no response. See id. PP 25, 26.

During this time period, the MPD began an investigation into Sanders' conduct. See Compl. P 27.  Sanders contends that the investigation took place without his knowledge and was a disingenuous attempt based on false allegations to find a reason to deny his request to rescind his resignation. See id. PP 27, 28. Plaintiff alleges that the investigation was conducted by defendant Herold and/or Doe. See id. P 31. On August 15, 2003, defendants informed Sanders that the MPD had decided not to reinstate him to his position, but provided Sanders with no additional explanation. See id. P 33. In late 2005, Sanders learned that the MPD denied the request to rescind his resignation because the MPD had concluded that he had made an untrue statement regarding the date he planned to return from leave, and because he was absent for more than

---

[1] Plaintiff notes that his promotion to Lieutenant predated the settlement and was not a result of first litigation.  As part of the settlement, Mr. Sanders was to assigned to the Major Crash Division.

2

four consecutive hours. See id. PP 29, 33. According to Sanders, the MPD did not interview him during the investigation, disclose the results of the investigation to him, or give him an opportunity to respond to the charges. See id. P 30.

Sanders alleges that defendants violated his First Amendment rights by retaliating against him for speaking out on a matter of public concern.[2] In addition, he alleges that defendants violated his procedural and substantive due process rights by failing to give him notice and an opportunity to be heard. He brings both claims under 42 U.S.C. § 1983 for violation of his civil rights. Sanders has filed this suit against the District of Columbia as well as against former Police Chief Charles Ramsey (sued in his individual and official capacities), MPD Captain Jeffrey Herold (sued in his individual capacity only), and John Doe.

*Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 86-87 (D.D.C. 2007)

Plaintiff Sanders timely filed suit in August 2006 against the named defendants Ramsey, Herold and the District of Columbia. At the time he filed suit, Plaintiff Sanders did not know who else may have been involved in his case and, as a result he named "John Doe" as a substitute for persons who had violated his rights, but the identity of whom he was unaware. This is reflected in the original Complaint:

> 7. Defendant John Doe is an unknown employee of the Metropolitan Police Department who took unconstitutional actions against the Plaintiff. He is being sued in his individual capacity.

> 27. Without Plaintiff Sanders' knowledge, the MPD, at the direction of Chief Ramsey, and/or Jeffrey Herold and/or John Doe commenced an investigation of Plaintiff Sanders, the primary purpose of which was to contrive a reason to deny Plaintiff Sanders his request to rescind his resignation. The MPD falsely charged Plaintiff Sanders with willfully and knowingly making an untrue statement regarding the date he planned to return from leave and for being absent without leave for more than four consecutive hours. The investigation was conducted by Plaintiff Sanders' former superior Lieutenant Jeffrey Herold.

---

[2] Mr. Sanders also alleged that he was retaliated against because he had petitioned the court for a redress of grievances. See, Complaint at ¶ 1.

> 31.     Lt. Herold and/or John Doe conducted the investigation and made unsubstantiated conclusions in retaliation for Plaintiff Sanders' free speech activities and because of his participation in the federal lawsuit.
>
> 41.     John Doe violated Plaintiff Sanders' first amendment right to speak out on matters of public concern and petition the government for redress when he knowingly caused a baseless investigation to be conducted that made false and defamatory charges against Plaintiff and that recommended the plaintiff not be reinstated.  Plaintiff Sanders' statements in his lawsuit (CA No 97-02938) and elsewhere in which he objected to time and attendance fraud and his participation in that lawsuit were a substantial or motivating factor in John Doe's actions.
>
> 49.     Defendant District of Columbia, acting through Defendant Ramsey and/or other unknown persons, deprived Plaintiff Sanders of his property without substantive or procedural due process of law in violation of the Fifth Amendment, when it refused to reinstate Plaintiff Sanders to his position in violation of District regulations and law.  The District of Columbia is liable for the actions of Defendant Ramsey and/or these unknown persons because Ramsey and/or these unknown persons are final policymakers regarding the process to be given employees seeking reinstatement or because they acted pursuant to a custom or policy of the District of Columbia of denying employees due process when they seek reinstatement.

See, Complaint at ¶¶ 7, 27, 31, 41, 49.

On or about March 31 of this year, the District produced documents that have shed more light on who may have been involved in the unconstitutional actions against Plaintiff Sanders and revealed an additional unconstitutional action previously unknown to Plaintiff Sanders.  Specifically, the District produced a copy of Plaintiff Sanders' memorandum entitled "Request to Rescind Resignation Letter and Request for Educational Leave of Absence" that was actually initialed by supervisory personnel in the MPD.  Plaintiff. Sanders had submitted this memo within 30 days of his original notice of his intent to resign.

Plaintiff Sanders had never seen the version of the memo with supervisory signatures prior to its production in this litigation.  When Plaintiff Sanders filed this litigation he was unaware that any action had been taken on the memo he had submitted.

4

The newly produced document showed that Defendant Herold initialed the document declining Plaintiff Sanders' request to rescind his resignation and remarked that Plaintiff. Sanders was undependable and absent from duty for six months during the fiscal year of 2002. Former Commanding Officer Lanier disapproved Plaintiff Sanders' request and remarked that Plaintiff Sanders was undependable. Special Services Officer Broadbent also disapproved of the request to rescind the resignation.

None of these officials gave Plaintiff Sanders an opportunity to respond to their charges that he was "undependable" even though he was still working at the MPD at the time. Plaintiff Sanders alleges that these defendants' took this action in retaliation for the exercise of his right to speak out on matters of public concern and his right to petition the court for a redress of grievances. Plaintiff Sanders also alleges in the First Amended Complaint that he should have been given an opportunity to respond to these charges as he had a property interest in his employment and that, therefore, his due process rights were violated. In their recently produced interrogatories, the District admits that the statement/decisions made by Lanier/Broadbent and Herold were a determinative factor in Defendant Ramsey's decision in August 2003 to deny reinstatement:

> 9.   Describe in detail all reasons why Plaintiff's request to rescind his resignation and/or be reinstated were denied.
>
> RESPONSE:    See response No.: 5. Upon information and belief, Plaintiff had certain disciplinary and duty status problems. Plaintiff was AWOL from the MPD. Plaintiff abused his sick leave and leave under the Family and Medical Leave Act. See Exhibit #4, investigation of Plaintiff's abuse of sick leave.
>
> Response 5 from the District stated:
>
> RESPONSE: A resignation rescission request may be granted at the discretion of the <u>Chief of Police</u>. D.C. Official Code § 36-1301, *et. seq.;* 6 DCMR § 807; 6 DCMR § 816.

Ex. 1.

But for this lawsuit, Plaintiff Sanders would have been unaware that Herold, Broadbent and Lanier signed off on his request to rescind memorandum and made unjustified criticisms of Plaintiff Sanders on that memorandum.

### THE COURT SHOULD ALLOW AMENDMENT TO SUBSTITUTE DEFENDANT LANIER AND DEFENDANT BROADBENT FOR "JOHN DOE"

Plaintiff Sanders seeks to substitute current Chief of Police Cathy Lanier and Alfred Broadbent for the anonymous John Doe Defendants he had named in his original complaint and to add additional allegations specific to these individuals. The relevant Federal Rule provides that "leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a).

The D.C. Circuit has held that "it is an abuse of discretion to deny leave to amend [without giving a] sufficient reason." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (1996) 230 (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962));  6 Charles Alan Wright Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 1488, at 652, 659, 662-69 (1990 & Supp.1997) ("Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend.... In most cases delay alone is not a sufficient reason for denying leave.... If no prejudice [to the non-moving party] is found, the amendment will be allowed"). *Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C.* 148 F.3d 1080, 1083-1084, 331 U.S.App.D.C. 226, 229 - 230 (D.C. Cir. 1998). *See also, Security Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.,* 64 F.3d 1001 (6th Cir.1995) (holding district court abused discretion in denying leave to amend complaint to add claim when party opposing motion made no

showing of prejudice from delay); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690 (8th Cir.1981) (holding district court abused discretion in denying leave to amend complaint to add count when no prejudice resulted from a two and one-half year delay, and facts underlying new and old counts were similar).

In the present case, there is no prejudice in permitting an amendment. This case is relatively early in the discovery process. In particular, the parties will file their meet and confer statement as to how discovery will proceed on May 2, 2008. Plaintiff Sanders anticipates that discovery will last an additional 90 days after the Court's scheduling conference.

In addition, neither Lanier nor Broadbent will be prejudiced by this action. All claims against Lanier are timely as the earliest date Plaintiff Sanders could have reasonably be expected to know of her involvement was March 31, 2008.[3] The statute of limitations for 1983 actions is three years. *Carney v. American Univ.*, 331 U.S. App. D.C. 416, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (three-year residual statute of limitations in D.C. Code § 12-301(8) applies to personal injury claims and claims under 42 U.S.C. § 1983) .

Similarly, the action is timely as to Broadbent. Plaintiff Sanders first learned of Mr. Broadbent's involvement in late 2005 when he received, via an anonymous source, a copy of the Herold investigation , which was apparently approved by Mr. Broadbent. Up until that time, Plaintiff Sanders had no reason to think that Mr. Broadbent was involved.

---

[3] *Sellars v. Perry*, 80 F.3d 243, 245-246 (7th Cir. 1996) (The discovery rule is read into statutes of limitations in federal-question cases such as this and states that a claim does not accrue until the plaintiff discovers he has been injured."); *Brooks v. City of Winston-Salem, N.C.,* 85 F.3d 178, 182 (4th Cir. 1996) ("[When plaintiff] knew or should have known both of the injury ... and who was responsible for any injury.").

This amendment is being filed within the three-year statute of limitations against Mr. Broadbent.

Moreover, although Plaintiff Sanders could sue these individuals in a separate lawsuit the amendment is proper according to Fed. R. Civ. Proc. 20 (Permissive Joiner of Parties) because all of the Defendants' actions arise out of the same series of transactions and occurrences, and questions of law and fact common to all defendants will arise in the action.

A Proposed Order is attached.

Respectfully submitted this the 28th day of April, 2008

_____/S/_____
Michael G. Kane, Bar No. 435288
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

**CERTIFICATION**

On April 28, 2008 Defendants' counsel confirmed that Defendants would not consent to the relief requested herein.

_____/S/_____
Michael G. Kane