IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER SANDERS, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 06- 1411 (PLF) |
| | : | No Current Scheduling Order |
| DISTRICT OF COLUMBIA, et al., | : | |
| Defendants. | : | |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF
THEIR MOTION TO ASSERT PRIVILEGE AND FOR ENTRY OF A PROTECTIVE ORDER

Factual and Procedural Background

This is an alleged First Amendment retaliation case brought by plaintiff who contends that he was not allowed to rescind his Metropolitan Police Department officer resignation in September, 2002, because Defendants allegedly sought to retaliate against him for settling a prior First Amendment case. Plaintiff tendered his resignation so he could attend graduate school. Plaintiff is now claiming in excess of $2 Million in damages for a thwarted career arising from the fact his resignation was not rescinded.

The Court's November 8, 2007, order dismissed the First Amendment retaliation claim against the District of Columbia and the substantive due process claim against all defendants but allowed the First Amendment and Due Process claim to continue as against all defendants.

After an initial status conference on or about November 19, 2007, the parties proceeded to an attempt at early mediation before Judge Facciola in early January, 2008. Plaintiff by then had issued discovery requests. The court later determined that the District failed to timely

respond or move for a timely enlargement. Defendants met the deadline set forth in their motion for enlargement by serving discovery responses on March 31, 2008. The Court's ensuing order on April 16, 2008, found that Defendants' lack of timely objection waived certain privileges but gave Defendants until today, April 28, 2008, to respond with a written motion seeking exception from the waiver. To date, Defendants have produced all documents known to them; should have any additional documents be discovered and produced, Defendants respectfully request the right to assert specific privileges.

As the argument below indicates, Defendants contend that fundamental privacy protections embodied in D.C. statutes and regulations require disclosure under a protective order that is tendered herewith. Defendants also continue to argue that their objection to the production of the personnel records of individuals in Plaintiff's chain of command lack relevance since they are not comparitors by which Plaintiff might show allegedly unwarranted disparate treatment.

<u>Argument</u>

D.C. Official Code § 1-631.01 provides as follows:

> All official personnel records of the District government shall be established, maintained, and disposed of in a manner designed to ensure the greatest degree of applicant or employee privacy while providing adequate, necessary, and complete information for the District to carry out its responsibilities under this chapter. Such records shall be established, maintained, and disposed of in accordance with rules and regulations issued by the Mayor.

6 DCMR § 3113 provides in relevant part:

> 3113.1 The following information about most present and former government employees shall be available to the public:
>
> (a) Name.

(b) Present and past position titles.

(c) Present and past grades.

(d) Present and past salaries.

(e) Present and past duty stations (which includes room numbers, shop designations, or other identifying information regarding buildings or places of employment).

3113.2 Disclosure of this information shall not be made where the information requested is a list of present or past position titles, grades, salaries, and/or duty stations of government employees which, as determined by the official responsible for custody of that information --

(a) Is selected in such a way as to constitute a clearly unwarranted invasion of personal privacy because the nature of the request calls for a response that would reveal more about the employees on whom information is sought than the five enumerated items; or

(b) Would otherwise be protected from mandatory disclosure under an exemption of the D.C. Freedom of Information Act.

This regulation and the provisions of 6 DCMR § 3113 severely limit the disclosure of personnel information. There is, for example, no authorization for disclosure of social security numbers and addresses. There is limited disclosure regarding investigations that permits disclosure only to a representative of the concerned employee. See 6 DCMR § 3112.11.

Additionally, and because of the presumptive preference for privacy, Defendants assert that the disclosure of the personnel records of Captain Herold, Chief Ramsey, Chief Lanier, Capt. Broadbent, Officer Matthew Klein, Chief Lanier and Capt. Libby Callahan., would be unwarranted. There is no compelling interest in their personnel records since they are not comparitors for purposes of Plaintiff's core claim of retaliation by which he might show allegedly unwarranted disparate treatment.

Accordingly, Defendants submit that to safeguard the privacy of the individuals involved herein whose records are sought to be disclosed in whole or in part there must be a protective order to achieve the purposes of D.C. Official Code §1-631.01 (2001 ed).

## Conclusion

For the foregoing reasons, the Defendants respectfully request that the Court protect the privacy interests of individuals involved herein whose records are sought to be disclosed in whole or in part by entering the proposed protective order.

DATED: April 28, 2008          Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


            */s/ Kimberly M. Johnson*
KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1


            */s/ Thomas J. Foltz*
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202)  724-6652
(202) 727-0431 (fax)
E mail: Thomas.foltz@dc.gov


## CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system.  This filing has been filed with such Court and

4

served on all parties herein electronically through such ECF electronic file and serve system on April 28, 2008.

_____*/s/ Thomas J. Foltz*_____
Thomas J. Foltz, Esq.


Sanders 06 1411 DC MTN Assert Priv & Protective Order MEMO E sign 042808

5