IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SANDERS, | : |
| Plaintiff, | : |
| v. | : Civil No. 06-1411 (PLF) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

**ORDER**

Defendants, Charles Ramsey, Jeffrey Herold and John Doe and the District of Columbia collectively ("the Defendants") filed their motion to assert privilege and for the entry of a protective order pursuant to the Court's order of April 16, 2008. Upon consideration of the motion, the supporting memorandum and any opposition or reply received in response thereto, it is hereby

**ORDERED** that the motion be and the same hereby is GRANTED; and it is further

**ORDERED** that the following PROTECTIVE ORDER be and the same hereby is entered as follows and as further:

**ORDERED** that the parties shall mark as "Protected Document" or "Confidential" documents or information that is provided pursuant to this Protective Order; it is further

**ORDERED** that the personnel or disciplinary files of the following individuals shall not be produced in whole or in part: Chief Charles Ramsey, Chief Cathy Lanier, Capt. Alfred Broadbent, Capt. Jeffrey Herold, Capt. Libby Callahan and Officer Matthew Klein; and it is further

1

**ORDERED** that the contents of the protected documents and information (e.g., the documents that refer to the personnel and disciplinary records of the plaintiff, non party witnesses and employee personnel records or files received by Plaintiff from Defendants and received by Defendants from Plaintiff during discovery in this case) shall be disclosed only to the following persons, and with the following restrictions:

Counsel for any party engaged in the litigation of this action and professional, clerical secretarial and other support personnel of such counsel;

(1) Named parties to this litigation (and only to plaintiff in the presence of counsel );

(2) Experts retained to assist counsel for any party to this Litigation;

(3) Witnesses in the course of deposition or at trial, in the good faith belief that examination with respect to confidential documents is necessary for legitimate discovery purposes;

(4) This Court and its employees, the triers of fact and court reporters transcribing testimony herein and notarizing officers.

Prior to this disclosure of confidential documents and information to any persons described in the preceding paragraphs, Plaintiff and Defendants shall provide such persons with a copy of this Order and shall advise them that the disclosure of these confidential documents is subject to the terms of this Protective Order. In addition, confidential documents shall be disclosed to an expert only after the expert has signed a commitment to comply with and be bound by this Order. Furthermore, on request from counsel for Defendant, Plaintiff or Plaintiff's counsel shall certify that Plaintiff has complied with the provisions of this Order.

The protected documents provided by Defendants to Plaintiff shall be used by Plaintiff for this litigation only, except as those documents refer to Plaintiff only. The protected documents provided by Plaintiff to Defendants shall be used by Defendants for this litigation only. The personal information of the non party witnesses, *i.e.* social security numbers, dates of birth, and phone numbers shall be redacted from the protected documents. The protected documents may be made available to the Court, but shall not be filed or used in a manner that compromises their confidentiality. All papers filed or presented in Court which embody the protected documents shall be filed under seal.

At the conclusion of this lawsuit, all confidential documents, including originals, copies, abstract or summaries thereof, shall be returned to counsel for Defendant or Counsel for Plaintiff, and no copies thereof shall be retained by any other person. Counsel shall be responsible for ensuring that all confidential documents provided to experts, including abstracts and summaries thereof, are returned to Defendant or Plaintiff. Counsel for Plaintiff and Counsel for Defendants may retain abstracts or summaries of confidential documents which contain counsel's mental impressions or opinions. Such abstracts or summaries shall remain subject to the terms of this Protective Order, Plaintiff, however shall be able to retain and use information regarding himself, only, received from Defendants.

ENTERED: _____

4

COPIES TO:  Thomas J. Foltz, Esq.
Darrell Chambers, Esq.
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, D.C. 20001


Michael G. Kane, Esq.
CASHDAN & KA NE
1150   Connecticut Ave., N.W., Ste 900
Washington, D.C. 20036-4129



Sanders 06 1411 DC Defendants MTN Time Priv Motion Order PROTECTIVE ORDER 042808

4