IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHRISTOPHER SANDERS** | ) | |
| | ) | CA No. 06-1411 (PLF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**JOINT MEET AND CONFER STATEMENT**

Plaintiff Christopher Sanders and Defendants District of Columbia, Charles Ramsey and Jeffrey Herold, by and through their respective undersigned counsel, submit the following Proposed Discovery Plan in accordance with FRCP Rule 26(f) and Rule 16.3 LCvR. Counsel for Plaintiff and Defendant met by telephone on April 28, 2008 and discussed the following issues:

(1) <u>Dispositive Motions</u>. The parties disagree as to whether this case will be disposed of by dispositive motion. Defendants anticipate that they will file a motion for summary judgment following the close of discovery.

(2) <u>Joinder, Amendment and Narrowing</u>. Plaintiff will file a motion to amend the complaint to join Defendants Cathy Lanier and Alfred Broadbent to the Complaint and anticipates doing this by May 2, 2008. Defendants will oppose that motion. The Plaintiff does not anticipate that any other parties will be joined and does not, absent any additional facts produced during discovery, anticipate the filing of any additional amended pleadings.

DRAFT
10:31:05 PM
5/2/2008

      Plaintiff will also file a motion to reconsider that part of the Court's November 9, 2007 opinion that dismissed the District of Columbia from Count I of the Complaint, which alleged a violation of the Plaintiff's right to exercise free speech and to petition the court for a redress of grievances. Plaintiff anticipates that he will file this motion by May 2, 2008. Defendants will oppose that motion.

      Defendants do not anticipate joining any other parties.

      (3) <u>Magistrate Judge</u>. The parties do not want the case assigned to a magistrate judge for any purposes other than mediation.

      (4) <u>Possibility of Settlement</u>. The parties believe that discovery is necessary before meaningful settlement discussions can take place.

      (5) <u>Alternative Dispute Resolution.</u> The parties recommend deferring any utilization of alternative dispute resolution until after discovery concludes. The parties favor mediation before a magistrate judge.

      (6) <u>Timing of Dispositive/Cross Motions</u>. The parties have agreed to file all dispositive motions and/or cross motions forty-five (45) days after discovery concludes. Oppositions will be due within 30 days and replies, if any, within 15 days. Defendants reserve the right to move for an additional 15 to 20 days to file its dispositive motions depending on whether or not it is in possession of all of the necessary deposition transcripts.

      (7) <u>Initial Disclosures</u>. As noted in the Court's Scheduling Order of November 19, 2007, the parties have agreed to waive disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

DRAFT
10:31:05 PM
5/2/2008

(8) <u>Anticipated Discovery</u>.  In the parties' first meet and confer statement, which they filed on March 8, 2007, the parties agreed that the period for discovery should be 6 months and the parties did not contemplate any changes to the Federal Rules regarding discovery.

In the Court's November 19, 2007 Scheduling Order, the Court allowed written fact discovery to proceed.  The Court stayed depositions until further order of the court.  To date, the parties have had approximately 160 days of discovery.

Since November 19, 2007, the parties have exchanged interrogatory responses and documents.  Plaintiff has several issues with Defendants' discovery responses that he will raise with Defendants' counsel.  Plaintiff also anticipates that he will propound additional document requests.  Plaintiff will also take several depositions.  At this time, Plaintiff does not anticipate exceeding the 10 deposition guideline of Fed. R. Civ. Proc. 30. Defendants, in turn, have several issues with Plaintiff's discovery responses.

The Plaintiff suggests that discovery run an additional 90 days from the date of the Court's next scheduling order.  The defendant suggests that discovery run an additional 120 days from the date of the Court's next scheduling order.

(9)   <u>Exchange of Expert Reports.</u>  Expert reports will be exchanged as follows:
Plaintiff's Expert Report::    45 days after the entry of the Court's next scheduling order
Defendants' Expert Report:   30 days after receipt of the plaintiff's expert report.

(10)   <u>Class action issues.</u>  Not applicable.

(11)   <u>Bifurcation</u>.  Plaintiff does not request bifurcation of any trial.  Defendants respectfully reserve the right to move to bifurcate depending upon developments in the litigation.

DRAFT
10:31:05 PM
5/2/2008

(12) <u>Scheduling Conference and Trial Dates</u>.  The Defendant requests a 60 day mediation period after the Court's ruling on any and all dispositive motion(s) and seeks a pre-trial conference date 45 days after the conclusion of mediation.  Plaintiff's oppose the request for a 60 day mediation period and propose that the pre-trial conference take place 45 days af the Court's ruling on any and all dispositive motion(s) with the understanding that additional time may be necessary depending on the course of discovery and the numbers of documents produced by each side.

The parties recommend that the Court set the trial date at the pretrial conference.

(13) <u>Other Matters</u>.  Neither plaintiff nor defendants have any other matter that warrants the Court's attention.

Respectfully submitted this the 2nd day of May, 2008.

_____
Michael G. Kane, Bar No. 435288
David R. Cashdan, Bar No. Bar No 051342
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

_____
Thomas J. Foltz, Esq.
D.C. Bar No. 462858
Darrell Chambers, Esq.[1]
Assistant Attorneys General

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's Office as a Governmetn Attorney and is appearing pursuant to LCvR 83.2

DRAFT
10:31:05 PM
5/2/2008

Suite 6S093
441 4th Street, N.W.
Washington, D.C. 20001
202-724-6652
202-727-0431 (fax)

*Counsel for Defendants*