IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER SANDERS**     )<br>                              )<br>           Plaintiff,      )<br>                              )<br>     v.                       )<br>                              )<br>**DISTRICT OF COLUMBIA, et al.** )<br>                              )<br>                              )<br>           Defendants     )<br>_____     ) | CA No. 06-1411 (PLF) |

**PLAINITFF'S OPPOSITION TO DEFENDANTS' MOTION TO ASSERT PRIVILEGE AND FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff, Christopher Sanders, opposes the Defendants' Motion to Assert Privilege and For Entry of a Protective Order. The Court has previously found that Defendants waived all objections but did allow Defendants to assert privilege objections by application to the Court. Defendants have not taken advantage of that opportunity. Instead, Defendants make two arguments. First, Defendants ask that certain personnel files not be produced on the grounds of relevance and burdensomeness. The Court should deny this part of the Motion because the Court has already found non-privileged objections waived.

Second, Defendants ask, for those personnel files that it does produce, that a protective order be entered. Plaintiff does not object to this approach but does take issue with some of the language in Defendants' proposed order. Plaintiff has attached his own proposed protective order.

**FACTUAL AND PROCEDURAL BACKGROUND**:

Plaintiff brought this suit pursuant to the First and Fifth Amendments to the US Constitution and 42 USC § 1983 against Defendant District of Columbia and certain individual defendants, then Chief of Police Ramsey and Jeffrey Herold, because the Defendants retaliated against him for his exercise of free speech and because he petitioned the courts for redress of his grievances.  Plaintiff also brought suit because the Defendants deprived him of his government employment without due process of law. Plaintiff has recently sought to add current Police Chief Cathy Lanier and former Inspector Broadbent as individual defendants.  That Motion is currently pending with the Court.

The Court has previously summarized the relevant facts as follows:

> Christopher Sanders became a police officer with the District of Columbia Metropolitan Police Department ("MPD") in 1990. See Complaint ("Compl.") PP 3, 8. In 1996, Sanders was selected to oversee a division called the Special Emphasis Unit ("SEU"), a unit within the Narcotics and Special Investigations Division. See id. P 9. During his time with the SEU, Sanders noticed a pattern of certain employees abusing time and attendance policies. See id. P 11. Concerned that these abuses were resulting in a loss of taxpayer money, Sanders reported the matter to his superiors and testified before the City Council; his statements were covered in the local media. See id. After he made his statements and the matter became public, Sanders alleges that he was deprived of overtime pay, reassigned to a lesser assignment and physically threatened by his fellow officers. See id. P 12. Sanders sued the MPD for violations of his rights to free speech (Civil Action No. 97-2398). Id. P 13.  The parties settled that suit in August 2002; under the terms of the settlement, the District was required to promote plaintiff to Lieutenant.[1] See id. P 16.
>
> Shortly after the settlement, Sanders contemplated pursuing an MBA degree at Marymount University in Arlington, Virginia. See Compl. P 17. Sanders maintains that MPD officials assured him that even if he

---

[1] Plaintiff notes that his promotion to Lieutenant predated the settlement and was not a result of first litigation.  As part of the settlement, Mr. Sanders was to assigned to the Major Crash Division.

resigned from the Department to pursue his education, he was free to come back within one year. See id. PP 18, 19. Plaintiff resigned in September 2002. See id. P 21. Shortly after resigning from the Department, Sanders had a change of heart and attempted to rescind his resignation. See id. P 23. Sanders alleges that he contacted the District on several occasions to confirm whether the request to rescind his resignation had been approved, but received no response. See id. PP 25, 26.

During this time period, the MPD began an investigation into Sanders' conduct. See Compl. P 27. Sanders contends that the investigation took place without his knowledge and was a disingenuous attempt based on false allegations to find a reason to deny his request to rescind his resignation. See id. PP 27, 28. Plaintiff alleges that the investigation was conducted by defendant Herold and/or Doe. See id. P 31. On August 15, 2003, defendants informed Sanders that the MPD had decided not to reinstate him to his position, but provided Sanders with no additional explanation. See id. P 33. In late 2005, Sanders learned that the MPD denied the request to rescind his resignation because the MPD had concluded that he had made an untrue statement regarding the date he planned to return from leave, and because he was absent for more than four consecutive hours. See id. PP 29, 33. According to Sanders, the MPD did not interview him during the investigation, disclose the results of the investigation to him, or give him an opportunity to respond to the charges. See id. P 30.

Sanders alleges that defendants violated his First Amendment rights by retaliating against him for speaking out on a matter of public concern.[2] In addition, he alleges that defendants violated his procedural and substantive due process rights by failing to give him notice and an opportunity to be heard. He brings both claims under 42 U.S.C. § 1983 for violation of his civil rights. Sanders has filed this suit against the District of Columbia as well as against former Police Chief Charles Ramsey (sued in his individual and official capacities), MPD Captain Jeffrey Herold (sued in his individual capacity only), and John Doe.

*Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 86-87 (D.D.C. 2007)

---

[2] Mr. Sanders also alleged that he was retaliated against because he had petitioned the court for a redress of grievances. See, Complaint at ¶ 1.

*Discovery in This Matter*

Plaintiff served discovery on December 21, 2007. Defendants ignored an agreed upon deadline with Plaintiff and Plaintiff was forced to file a Motion to Compel, which the Court granted in its April 16, 2008 Memorandum Opinion and Order. The Court found that Defendants had waived all objections with an exception. As the Court ruled:

> FURTHER ORDERED that defendants' objections to the discovery requests at issue are WAIVED under Rule 33(b)(4) of the Federal Rules of Civil Procedure. If the defendants would like to request that *specific* objections based on privilege be excluded from the waiver found under this Order, the defendants may make a specific request to the Court by timely written motion on or before April 28, 2008 … .

Document 28 at 4.

The Motion Defendants filed on April 28 in response to the Court's directive does not raise an objection <u>based on privilege</u>, which is the only type of objection that escaped the Court's finding of waiver. Instead, Defendants "continue to object on the grounds of relevance and burden to the disclosure of the personnel files of any Chief of Police, past or present, and officials in the chain of command who were not similarly situated to the plaintiff." Defendants' Motion to Assert Privilege at 1. Further, for those personnel files that the Defendants are willing to produce, Defendants want imposition of a protective Order.

### THE COURT HAS ALREADY FOUND THAT NON-PRIVILEGE OBJECTIONS HAVE BEEN WAIVED.

Despite the Court's express ruling that non-privilege objections have been waived, Defendant raise precisely those kinds of objections as reasons for not producing the personnel files of Chief Ramsey, Lanier, Broadbent, Herold, Officer Matthew Klein

and Capt. Libby Callahan.  Compare the April 16, 2008 Order at 4 (Docket 28) with Defendants Motion at 1.

Even if the Court were to consider the objections on their merits, the Court should still deny the Motion because Defendants have advanced no argument in support of their objections.  *Fonville v. District of Columbia*, 230 F.R.D. 38, 43 (D.D.C. 2005) ("all of the objections are either meritless or made in such a conclusory manner that they cannot be sustained.")  Indeed, Defendants' burdensomeness objection is frivolous as the production of a mere six (6) personnel files cannot be a burden.

Moreover, Defendants' relevance argument is misguided.  Courts routinely permit the discovery of personnel files of relevant witnesses.  *See, e.g., Griffith v. Wal-Mart Stores, Inc.*, 163 F.R.D. 4, 5 (E.D. Ky. 1995) (granting plaintiff's motion to compel "personnel, appraisal and discipline files" of three managerial employees involved in plaintiff's termination, as they might contain evidence of discriminatory acts against plaintiff).[3]  Courts have also ordered the production of co-worker information.  *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) ("in Title VII litigation, in which plaintiffs are similarly required to demonstrate pretext, courts have customarily allowed a wide

---

[3] Other Courts have required the production of personnel files.  *EEOC v. County of San Benito*, 818 F. Supp. 289, 290-91 (N.D. Cal. 1993) (enforcing EEOC subpoena to obtain personnel records of plaintiff's supervisor, including performance evaluations, counseling memoranda, time and attendance records, and awards); *EEOC v. Avco New Idea Div.*, No. C76-315, 1978 U.S. Dist. LEXIS 16901, *11-12 (N.D. Ohio) ("The gravamen of plaintiff's complaint is that unequal standards were applied to women in the defendant company's classification and discharge policies. If such unequal treatment did exist, it necessarily was carried out by the defendant company's supervisory personnel. While there no doubt is much that is irrelevant to this action contained in such persons' personnel files, those files might reasonably be expected to yield probative evidence of plaintiff's claims."); *Ladson v. Ulltra East Parking Corp.*, 164 F.R.D. 376, 378 (S.D.N.Y. 1996) (ordering defendants to produce complete personnel files of supervisors); *Dixon v. Rutgers*, 110 N.J. 432, 461 (N.J. 1988) (the Court required the production of other employees personnel files and refused to find a privilege to prevent their production.)

discovery of personnel files. All or some parts of these personnel files could be central to the plaintiff's efforts to prove pretext.")

All of the individuals Defendants seek to exclude are relevant to this cause of action regardless of whether they are comparators. Plaintiff alleges Chief Ramsey and Inspector Herold committed unconstitutional acts against him, *i.e.* either recommending that he not be reinstated or deciding not to reinstate him. Chief Lanier, Captain Broadbent and Captain Callahan are relevant witnesses who Plaintiff alleges were involved in the decision to decline his request to rescind his resignation. Chief Lanier, in particular, made disparaging comments about Plaintiff that may have impacted Chief Ramsey's decision not to reinstate Plaintiff.

Finally, Plaintiff alleges that Matthew Klein was treated more favorably than he in that he was afforded a paid administrative leave in order to pursue graduate studies.

Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence. For example, personnel files will contain factual information about the individual's career progression, job evaluation details, time and attendance records, and awards and accomplishments. This is all necessary background information regarding relevant witnesses who were involved in the facts and allegations of this case.

Defendants have not asserted any privilege with regard to these documents and the Court has already found that Defendants have waived all objections. Accordingly, the Court should deny the Defendants' motion.

### PLAINTIFF HAS SUBMITTED A PROPOSED PROTECTIVE ORDER.

Defendants argue that a protective order should be entered. Defendants concede that "… the alternative of a protective order was not discussed with Plaintiff's counsel

and accordingly, Plaintiff has not had an opportunity to review the proposed order and consent or object thereto." Defendants' Motion at 2. For this reason alone, the Court could deny Defendants' motion. *See*, *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006). Moreover, "defendant has utterly failed to meet its burden of making 'a specific demonstration of facts' to justify a protective order." *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (internal citation omitted).

However, given that personnel files may contain confidential information, Plaintiff is agreeable to entering the protective order attached hereto.

A proposed order is attached.

Respectfully submitted this the 9th day of May, 2008

_____/S/_____
Michael G. Kane, Bar No. 435288
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This case has been designated as part of the part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been file with such Court and served on all parties herein electronically through such ECF electronic file and serve system on May 9, 2008.

_____/S/_____
Michael G. Kane