UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SANDERS ) | |
| ) | CA No. 06-1411 (PLF) |
| Plaintiff, ) | Next Event: Status Hrg. |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants ) | |
| ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS MOTION TO AMEND THE COMPLAINT

Defendants, District of Columbia, Charles Ramsey, and Jeffrey Herold, (collectively referred to herein as "Defendants"), through undersigned counsel, file this Opposition to Plaintiff's Motion to Reconsider a Portion of the Court's Amended Order of November 9, 2007, stating:

*Preliminary Statement*

Plaintiff brought this suit pursuant to 42 U.S.C. § 1983 asserting violations of the First and Fifth Amendments to the US Constitution against Defendants, the District of Columbia and then Chief of Police Charles Ramsey and Lieutenant Jeffrey Herold. See complaint. Plaintiff claims the Defendants retaliated against him for reporting time and attendance abuses which violated MPD policy and may have been criminal in nature. See complaint. Plaintiff also alleges that Defendants retaliated against him because he petitioned the courts for redress of his grievances. See complaint. Finally, Plaintiff claims he was deprived of his government employment without due process of law when, after he resigned, he was not reinstated to his position within MPD. See complaint. By Amended Order of November 9, 2007, this Court dismissed Plaintiff's First Amendment retaliation claims against the District of Columbia.

Plaintiff now seeks to have the Court reconsider that decision. Plaintiff's motion is based on the mistaken belief that the Chief of Police's "discretion" to act on resignation rescission requests automatically vests in him with the final policymaker authority on employment issues. It does not. Thus, Plaintiff's motions should be dismissed.

## Argument

**a.    The Court's Order of November 9, 2007 should not be disturbed because the Chief of Police is not the final policymaking authority on employment issues within the MPD.**

At the core of Plaintiff's motion is the view that, because D.C. law provides that the Chief of Police has discretion in deciding whether to grant a request to rescind a resignation, the Chief of Police is the final policy maker on employment issues. Plaintiff's premise is incorrect. Not every decision by municipal officers automatically subjects the municipality to § 1983 liability. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986). Municipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered. *Id.* at 480. The fact that an official, even a policymaking official, has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. See, *e. g., Oklahoma City* v. *Tuttle*, 471 U.S. 808 at 822-824 (1985). The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.

Official policy refers to formal rules or understandings that are intended to establish fixed plans of action to be followed under similar circumstances consistently and over time. *Pembaur,* supra at 480. This was illustrated in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), which involved a written rule requiring pregnant employees to take unpaid leaves of absence before such leaves were medically necessary. Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who

possesses such authority. *Pembaur*, supra at 483. Whether an official had final policymaking authority is a question of state law. *Id.* Municipal liability under § 1983 only attaches where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *Id.*

In the instant case, Plaintiff claims that since D.C. Law provides that the Chief of Police has discretion to act on a resignation rescission request, he's the final policy decision maker. Discretion to act on an issue respecting employment within the department does not vest in the Chief of Police final policy making authority with respect to employment issues. As noted by Justice Brennan in *Pembaur*:

> Thus, for example, the County Sheriff may have discretion to hire and fire employees without also being the county official responsible for establishing county employment policy. If this were the case, the Sheriff's decisions respecting employment would not give rise to municipal liability, although similar decisions with respect to law enforcement practices, over which the Sheriff *is* the official policymaker, *would* give rise to municipal liability. Instead, if county employment policy was set by the Board of County Commissioners, only that body's decisions would provide a basis for county liability. This would be true even if the Board left the Sheriff discretion to hire and fire employees and the Sheriff exercised that discretion in an unconstitutional manner; the decision to act unlawfully would not be a decision of the Board. However, if the Board delegated its power to establish final employment policy to the Sheriff, the Sheriff's decisions *would* represent county policy and could give rise to municipal liability.

Clearly, discretion is separate from final policymaking authority. Irrespective of the Police Chief's discretion regarding resignation rescission requests, he does not have final policy making authority regarding employment issues. Under District law, the Mayor has final policy making authority regarding employment issues. D.C. Code § 1-601.01, et seq. established the District of Columbia Merit Personnel System with the express purpose to, among other things,

3

"create uniform systems for personnel administration among the executive departments and agencies reporting directly to the Mayor of the District of Columbia and among independent agencies, boards, and commissions in the District of Columbia government." The statute provides in subsection (a) that the implementation of the rules and regulations (of the Merit Personnel System) shall be undertaken by the appropriate personnel authority for employees of the District, specifically: "for the purposes of subsection (a) of this section, the personnel authority for District of Columbia government means the Mayor for all employees… D.C. Code § 1-604.06. Since the Chief of Police is not the final policy decision maker for the MPD regarding employment issues, Plaintiff's § 1983 claim against the District must fail as a matter of law.

**b.     The Court's Order of November 9, 2007 should not be disturbed because the Chief of Police was not establishing District policy when he declined to reinstate the Plaintiff.**

Assuming, *arguendo*, that the Chief of Police is the final policy making authority on employment issues within the MPD, while one act in furtherance of a policy is enough where that single act is committed by a final policy maker, this only holds true where there in fact is a policy that one could expect to see applied to other like cases in the future; in other words, some conscious policy choice. *Pembaur*, 475 U.S. 469 fn. 4 citing *Sanders v. St. Louis County*, 724 F.2d 665, 668 (CAB 1983) (it may be that one act of a senior county official is enough to establish the liability of the county, if that official was in a position to establish policy and if that official himself directly violated another's constitutional rights."); *Losch v. Borough of Parkesburg, Pa.,* 736 F.2d 903, 910-911 (CA3 1984) (even if the police chief were the final authority with regard to police activities,…there is no regulation or evidence of any repeated action by the chief…that can transmute his actions in the Losch incident into a general Borough

4

policy"). This court has already found that there is no custom, policy, or practice of the District retaliating against employees for exercising their First Amendment rights. Plaintiff has advanced no argument nor revealed any new facts which would indicate that the act of alleged retaliation was meant as a policy. Plaintiff has failed to point to a single fact which would show that a policy was intended or implicated when the Police Chief denied his request to rescind his resignation. Therefore, Plaintiff's complaint does not plausibly show there was a municipal policy, which was applied to him, to retaliate against employees for exercising their First Amendment rights. Consequently, this Court's Order of November 9, 2007 should remain undisturbed.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/S/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS[1]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov
Attorney for Defendants

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 27th day of MAY, 2008, copies of Defendants' Opposition to Plaintiff's Motion to Amend the Complaint, Memorandum of Law in Support Thereof, and Proposed Order were served electronically on: Michael G. Kane, Esquire, David R. Cashdan, Esquire, Cashdan & Kane, PLLC, 435 E. Broad Street, Westfield, N.J. 07090, Attorneys for Plaintiff.

/S/   Darrell Chambers
DARRELL CHAMBERS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SANDERS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, et al. )<br>)<br>Defendants )<br>_____) | CA No. 06-1411 (PLF)<br>Next Event: Status Hrg. 2/26/08 |

## **ORDER**

UPON CONSIDERATION of the Plaintiff's Motion to Reconsider a Portion of the Court's Amended Order of November 9, 2007 and the Defendants' Opposition, it is this _____ day of _____ 2008, by the United States District Court for the District of Columbia, ORDERED and ADJUDGED:

1.    That the Motion be and it is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE