UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SANDERS ) | |
| ) | CA No. 06-1411 (PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants ) | |
| _____) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS MOTION TO AMEND THE COMPLAINT

Defendants, District of Columbia, Charles Ramsey, and Jeffrey Herold, (collectively referred to herein as "Defendants"), through undersigned counsel, oppose the Plaintiff's Motion to Amend the Complaint, stating:

*Preliminary Statement*

Plaintiff brought this suit pursuant 42 USC § 1983 asserting violations of the First and Fifth Amendments to the US Constitution against Defendants, the District of Columbia and then Chief of Police Charles Ramsey and Lieutenant Jeffrey Herold. See complaint. Plaintiff claims the Defendants retaliated against him for reporting time and attendance abuses which violated MPD policy and may have been criminal in nature. See complaint. Plaintiff also alleges that Defendants retaliated against him because he petitioned the courts for redress of his grievances. See complaint. Finally, Plaintiff claims he was deprived of his government employment without due process of law when, after he resigned, he was not reinstated to his position within MPD. See complaint. Plaintiff now seeks to amend his complaint to add two new defendants, Police Chief Cathy Lanier and Assistant Chief Alfred Broadbent.

**Argument**

I.      **The Legal Standard.**

    a.      **Amendments to Complaint:**

Fed. R. Civ. P. 15(a) provides in relevant part that a party may amend its pleading once as a matter of course before being served with a responsive pleading; or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Otherwise, the Rule provides that in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court interpreted Federal Rule 15(a). The Court stated Rule 15(a) declares that leave to amend "shall be freely given when justice so requires; this mandate is to be heeded…*if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief*, he ought to be afforded an opportunity to test his claim on the merits." *Foman* at 182. Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id*. In the case before this Court, Plaintiff's requested amendment would not entitle him to the relief sought. For the reasons outlined below, this Court should deny the requested amendment.

II.     **Police Chief Cathy Lanier and Assistant Chief Alfred Broadbent would be entitled to Qualified Immunity, thus, allowing Plaintiff to amend the complaint would be futile.**

Police Chief Cathy Lanier and Assistant Chief Alfred Broadbent, like other government officials, have qualified immunity for their official acts. Qualified immunity "shields government officials from liability for civil damages 'insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have known." Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To overcome qualified immunity, "the right the official has been alleged to have violated must have been 'clearly established' in a . . . particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "[I]n the light of pre-existing law the unlawfulness must be apparent." Id. "If the law at that time did not clearly establish that the [official's] conduct would violate the Constitution, the [official] should not be subject to liability or, indeed, even the burdens of litigation." Brosseau v. Haugen, 543 U.S. 194, 198 (2004). In the present case, the law in this jurisdiction does not clearly establish plaintiffs' claims under the First and Fifth Amendments or 42 U.S.C. § 1983.

When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom. *Garcetti v. Ceballos*, 547 U.S. 410 (2006); See also*, Waters* v. *Churchill,* 511 U.S. 661, 671, 114 S. Ct. 1878, 128 L. Ed. 2d 686 (1994) (noting "[T]he government as employer indeed has far broader powers than does the government as sovereign"). Government employers, like private employers, need a significant degree of control over their employees' words and actions; without it, there would be little chance for the efficient provision of public services. *Garcetti,* supra, at 418; see also *Connick* v. *Myers,* 461 U.S. 138, 143, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983). ("[G]overnment offices could not function if every employment decision became a constitutional matter"). Public employees, moreover, often occupy trusted positions in society. *Garcetti,* supra, at 418. When they speak out, they can express views that contravene governmental policies or impair the proper performance of governmental functions. *Id*. at 418. In *Garcetti,* the employee, Richard Ceballos, worked as a

deputy district attorney for a county district attorney's office. He wrote a disposition memorandum explaining his concerns regarding alleged inaccuracies in an affidavit used to obtain a search warrant in a pending criminal case. He claimed that his supervisors retaliated against him based on his memo. The Court determined that Ceballos' allegation of unconstitutional retaliation failed because he was not speaking as a citizen for First Amendment purposes since he made the statements pursuant to his official duties. *Id*. at 422. Ceballos did not speak as a citizen by writing the memo addressing the proper disposition of a pending criminal case. *Id*. Consequently, the First Amendment did not prohibit managerial discipline based on Ceballos' expressions made pursuant to his official responsibilities. *Id*.

In *Battle v. Board of Regents for Ga.*, 468 F.3d 755 (11th Cir. 2006), a public employee alleged retaliation after she exposed inaccuracy and fraud in a college's financial aid system. Part of her duties included ensuring the accuracy and completeness of student files and reporting any mismanagement or fraud she encountered. The court found that the employee's speech was unprotected by the First Amendment even though the exposure of fraud constituted an unusual aspect of the plaintiff's employment. *Id*. at 761 n.6 ("The issue in *Garcetti* was whether a public employee was speaking pursuant to an official duty, not whether that duty was part of the employee's everyday job functions."). In *Hill v. Borough of Kutztown*, 455 F.3d 225, 242 (3d Cir. 2006), the Third Circuit determined that Hill's reports of harassment to the Borough Council lacked First Amendment protection.

Likewise, in *Wilburn v. Robinson*, 480 F.3d 1140 (2007) Wilburn, a public employee, filed a 42 U.S.C.S. § 1983 action against the mayor's former chief of staff. She alleged that she was not selected for a position in retaliation for the exercise of her First Amendment rights when she disclosed alleged discriminatory practices involving unfair salaries. The United States

4

District Court for the District of Columbia granted the chief of staff's motion for summary judgment. The Court reasoned that Wilburn was hired to direct personnel matters and to root out discrimination in the District government. Thus, when Wilburn complained about racial discrimination she was not speaking as a citizen. Wilburn could not make out a claim of retaliation under 42 U.S.C. § 1983 because her speech was not protected by the First Amendment when uttered in the performance of her duty. Id. at 1151. Absent protected speech, there is no cognizable retaliation claim. *Id*.

Plaintiff filed the instant suit claiming Defendants retaliated against him for reporting time and attendance abuses which violated MPD policy. See complaint. Plaintiff concedes that the abuses may have been criminal in nature. See complaint. The retaliation claimed by Plaintiff included Defendants' failure to reinstate him to his position after he quit his job. See complaint. Plaintiff's speech, i.e. reporting time and attendance abuses within the MPD, was part of the duties of his position as a police officer. As a police officer and Disrtict employee, Plaintiff was duty bound to report fraud, abuse and other crime. It was in the course of his duties with MPD that Plaintiff reported these abuses; speech which is not protected by the First Amendment under the relevant authority. In *Garcetti*, which was decided after the Plaintiff's original suit was settled, the Court held that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the United States Constitution does not insulate their communications from employer discipline. *Garcetti Id*. at 422. Since the original speech was unprotected, Plaintiff cannot now attempt to gain protection by filing suit. Plaintiff cannot transmute his unprotected speech into protected speech simply by filing a lawsuit claiming retaliation based on the unprotected speech. This would render *Garcetti* and *Wilburn* impotent. The *Wilburn* Court spelled this principle out. As in

5

Wilburn, absent protected speech, there is no retaliation claim. *Wilburn*, supra, 480 F.3d at 1151. Since Plaintiff's speech was not protected, he has no cognizable claim against Chief Lanier or Assistant Chief Broadbent. Therefore, this Court should deny his motion to amend the complaint to add Lanier and Broadbent as defendants.

**III.    Plaintiff's claims against Chief Lanier and Assistant Chief Broadbent are precluded as they were not filed within the applicable statute of limitations.**

Any constitutional claims Plaintiff may have had against Chief Lanier and Assistant Chief Broadbent under Title 42 U.S.C. § 1983 are barred by the statute of limitations. According to the Supreme Court of the United States, a court should borrow the general or residual statute for personal injury actions when addressing a § 1983 claim. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). The purpose of adopting the residual statute of limitations is to make it predictable and easy for a Plaintiff to determine the appropriate statute of limitations before filing a 1983 claim. *Id.* at 248. In the District, the residual statute of limitations for personal injury claims is three years, as is set forth in D.C. Code 12-301(8). *See Owens v. Okure*, 488 U.S. 235 (1989). According to the District of Columbia Court of Appeals, "the statute-of-limitations clock starts ticking when the plaintiff has sufficient 'notice of the conduct … which is now asserted as the basis for [her] lawsuit.'" *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir 2002). (quoting *Fitzgerald v. Seamans*, 533 F.2d 220, 228-29 (D.C. Cir. 1977).

A plaintiff does not have a "carte blanche to defer legal action indefinitely if she knows or should know that she may have suffered injury and that the defendant may have caused her harm." *Hendell v. World Plan Executive Council*, 705 A.2d 656, 661 (D.C. 1997). Here, the last act that the Plaintiff claims was committed by Chief Lanier which caused him damage occurred in October of 2002 when she signed a memo declining to allow Plaintiff to rescind his resignation. Assistant Chief Broadbent's last act was an investigation which Plaintiff claims

6

occurred "during this time period" referring to the period when he attempted to rescind his resignation in September of 2002. While Plaintiff claims he was unaware that supervisory personnel took any action on his request to rescind, this claim is disingenuous. The memo was written by Plaintiff and was addressed to his entire chain of command. He cannot credibly make the argument that he was unaware of who was in his chain of command. Nor can Plaintiff argue that he was unaware that any action had been taken on the memo he submitted requesting that the MPD rescind his resignation; the action taken by the MPD was the declination to re-instate Plaintiff to his prior position. Plaintiff clearly had sufficient notice of the alleged misconduct of the individuals within his chain of command in or before August of 2003. He now attempts to add Chief Lanier and Assistant Chief Broadbent as defendants nearly five years after he was aware of MPD's decision to deny his request to rescind his resignation. Therefore, any constitutional claims he may have against Lanier and Broadbent are barred by the three year statute of limitations. *See Hall,* 285 F.3d at 82.

For all the foregoing reasons, plaintiff's motion to amend the complaint should be denied.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/S/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS[1]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 27th day of MAY, 2008, copies of Defendants' Opposition to Plaintiff's Motion to Amend the Complaint, Memorandum of Law in Support Thereof, and Proposed Order were served electronically on:

Michael G. Kane, Esquire
David R. Cashdan, Esquire
Cashdan & Kane, PLLC
435 E. Broad Street
Westfield, N.J. 07090

/S/   Darrell Chambers
DARRELL CHAMBERS

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SANDERS ) | |
| ) | CA No. 06-1411 (PLF) |
| Plaintiff, ) | Next Event: Status Hrg. 2/26/08 |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants ) | |
| _____) | |

**ORDER**

UPON CONSIDERATION of the Plaintiff's Motion to Amend the Complaint and the Defendants' Opposition, it is this _____ day of _____ 2008, by the United States District Court for the District of Columbia, hereby,

ORDERED and ADJUDGED:  that the Motion be and it is hereby DENIED; and

_____
UNITED STATES DISTRICT JUDGE

9