UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1411 |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the Court on defendants' motion to assert privilege and for entry of a protective order. The Court issued a Memorandum Opinion and Order on April 16, 2008 ruling that the defendants' objections to certain discovery requests were waived as a result of defendants' failure to comply with the Federal Rules of Civil Procedure. The Court did, however, permit defendants to file a motion to assert specific *privilege-based objections*. Defendants instead raise objections "on the grounds of relevance and burden." Defs' Mot. at 1. For the reasons explained on April 16, 2008, those objections have been waived, and the defendants' motion to assert those objections will be denied.[1]

The Court will enter a Protective Order. Accordingly, upon consideration of the motion, opposition, and reply, and the entire record herein, it is hereby

ORDERED that the motion to assert privilege and for entry of a protective order [31] is DENIED in part and GRANTED in part; and it is

---

[1] Objections on the grounds of relevance and admissibility may, of course, be raised or asserted at any trial in this case.

FURTHER ORDERED that the parties shall mark as "Protected Document" or "Confidential" documents or information that contains personal information about an individual such as address or medical information; it is

FURTHER ORDERED that defendants may redact the following information before producing documents to plaintiff: address, birth date, phone number, social security number, and life and medical insurance information; it is

FURTHER ORDERED that the contents of the protected documents and information (e.g., the documents that refer to the personnel and disciplinary records of the plaintiff, non-party witnesses and employee personnel records or files received by plaintiff from defendants and received by defendants from plaintiff during discovery in this case) shall be disclosed only to the following persons, and with the following restrictions:

    (1)    Counsel for any party engaged in the litigation of this action and professional, clerical secretarial and other support personnel of such counsel;

    (2)    Named parties to this litigation;

    (3)    Experts retained to assist counsel for any party to this litigation;

    (4)    Potential witnesses or witnesses in the case in the good faith belief that examination with respect to confidential documents is necessary for legitimate discovery purposes;

    (5)    This Court and its employees, the triers of fact and court reporters transcribing testimony herein and notarizing officers.

Prior to this disclosure of confidential documents and information to any persons

described in the preceding paragraphs, plaintiff and defendants shall provide such persons with a copy of this Order and shall advise them that the disclosure of these confidential documents is subject to the terms of this Protective Order. In addition, confidential documents shall be disclosed to an expert only after the expert has signed a commitment to comply with and be bound by this Order.

This Order shall not apply if these documents have been previously disclosed in a public manner.

The protected documents provided by the parties shall be used by the parties for this litigation only, except that plaintiff may use as he chooses documents that concern himself only. The protected documents may be made available to the Court, but shall not be filed or used in a manner that compromises their confidentiality.

All briefs, memoranda of law, pleadings, portions of transcripts, documents and materials filed with the Court which contain documents or information designated "Confidential" under this Protective Order shall be served upon opposing counsel or party and shall be filed in two versions, "Version One" and "Version Two." Version One shall redact *only* the specific information designated as Confidential and shall be filed on the public record. Version Two shall contain no redactions and shall be filed with the Clerk's Office under seal, with one courtesy copy sent to Judge Friedman's chambers.

At the conclusion of this lawsuit, all confidential documents other than those in the possession of the Court or court employees, including originals, copies, abstract or summaries thereof, shall be returned to counsel for defendants or counsel for plaintiff, or, in the alternative, destroyed. Counsel for plaintiff and counsel for Defendants may retain abstracts or

summaries of confidential documents which contain counsel's mental impressions or opinions. Such abstracts or summaries shall remain subject to the terms of this Protective Order. Plaintiff, however shall be able to retain and use information regarding himself, only, received from defendants.

        SO ORDERED.

                                              _____/s/_____
                                              PAUL L. FRIEDMAN
                                              United States District Judge

DATE: May 29, 2008