IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER SANDERS**        )<br>                                                              )<br>                  Plaintiff,             )<br>                                                              )<br>     v.                                                  )<br>                                                              )<br>**DISTRICT OF COLUMBIA, et al.**  )<br>                                                              )<br>                                                              )<br>                  Defendants          )<br>_____ ) | CA No. 06-1411 (PLF) |

### PLAINITFF'S REPLY ON HIS RULE 54(B) MOTION TO RECONSIDER

The crux of Plaintiff, Christopher Sanders', motion to reconsider was that the Court had not addressed his original complaint's allegations that the District of Columbia should be held liable under the final policy maker theory. See Plaintiff Motion to Reconsider at 4-7. Plaintiff Sanders argued that he had sufficiently alleged a final policymaker theory per *Pembauer v. City of Cincinnati*, 475 U.S. 469, 481 (U.S. 1986) and *Brown v. District of Columbia*, 514 F.3d 1279, 1284 (D.C. Cir. 2008) in that Defendant Chief Ramsey was a final policy maker and/or that Chief Ramsey was aware of or should have been aware of the unconstitutional acts of his subordinates but that he failed to take corrective action.

Defendant District of Columbia does not rebut this argument. Instead, the District argues the merits of the question of whether Chief Ramsey was a final policymaker.

The Court should reject the District's argument for two reasons. First, it is premature. The issue here is whether Plaintiff has sufficiently alleged facts to survive a

motion to dismiss and not whether he will be able to survive a summary judgment motion at the conclusion of discovery.

On a motion to dismiss, the complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Sanders v. District of Columbia*, 522 F. Supp. 2d at 87 *citing, Kowal v. MCI Communs. Corp.*, 16 F.3d at 1276. The Court "must accept as true all of the factual allegations contained in the complaint." *Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 87 (D.D.C. 2007), *quoting from Erickson v. Pardus*, 127 S. Ct. at 2200.

Based on this standard, Plaintiff Sanders has adequately alleged that Chief Ramsey was a final policymaker such that municipal liability should attached. As Plaintiff Sanders argued in his original Motion, the D.C. Circuit has held that

> … if a complaint alleging municipal liability under § 1983 may be read in a way that can support a claim for relief, thereby giving the defendant fair notice of the claim, that is sufficient.

*Baker v. District of Columbia*, 326 F.3d 1302, 1307 (D.C. Cir. 2003) (internal citations omitted).

The Court should deny Defendant's arguments because they run counter to the well pleaded allegations of the Complaint.

Second, defendants are wrong on the merits. In his Motion, Plaintiff Sanders brought to the Court's attention, relevant to the 'plausibility' requirement of *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. at 1965, the fact that in discovery the District had identified the Chief of Police as the "person[] responsible for formulating and implementing MPD regulations, policies and procedures for handling requests by officers

2

to rescind their resignations and/or requests by officers to be reinstated." Plaintiff Sanders' Motion at 8 and Ex. 1 attached thereto.

No where in its interrogatory responses did the District mention the Mayor.

But in its Opposition, the District argues that the Mayor – not the Chief – is the final policymaker. This is a glaring contradiction that the District should have to explain following the close of discovery should it choose to make a summary judgment motion at that time.

The statute the District cites, D.C. Code § 1-601.01, does not resolve this question as that statute does not state that the Mayor is the final policymaker with regard to the issues in this suit. In addition, the statute does not state to whom the Mayor has delegated his authority. It is clear that such delegation occurs. For example, according to the District Municipal Regulations the Mayor has delegated his authority to make personnel rules to the head of personnel. See, D.C. Municipal Regulations at   DC Personnel Regulations, Chapter 8 at § 899 definition of personnel authority **("For purposes of this chapter, the Mayor's personnel authority is delegated to the Director of Personnel.")** In addition, as Plaintiff Sanders pointed out in his motion to reconsider, the District's policy is that the Chief of Police is the designated authority with respect to discipline. See, Memorandum in Support of Motion to Reconsider at 9. Obviously, this is an issue that needs to be developed in discovery and not decided in the context of a 12(b)(6) motion. *Williams v. Johnson*, 537 F. Supp. 2d 141, 155 (D.D.C. 2008) ("… the complaint 'need not allege all that a plaintiff must eventually prove.'")

The District's argument that the District cannot be held liable because the Chief is exercising discretion is non-responsive to the liability question as discretion is frequently

3

exercised by final policymakers and by those to whom it delegates policymaking authority. Indeed, Supreme Court precedent has held that policymaking authority may be delegated, discretion exercised and municipal liability ensue. *See, Pembaur v. City of Cincinnati*, 475 U.S. 469, 485 (U.S. 1986) ("We decline to accept respondent's invitation to overlook this delegation of authority by disingenuously labeling the Prosecutor's clear command mere "legal advice." In ordering the Deputy Sheriffs to enter petitioner's clinic the County Prosecutor was acting as the final decisionmaker for the county, and the county may therefore be held liable under § 1983.")

The District's other argument appears to be that, despite, Supreme Court precedent to the contrary, a municipality cannot be held liable for a single act of a final policymaker unless "there in fact is a policy that one could expect to see applied to other like cases in the future; in other words, some conscious policy choice." District's brief at 4. But the District relies on pre-*Pembauer* law for this boldly misguided argument. Specifically, the District cites footnote 4 of *Pembauer*, which was itself referencing the conflict in the law at that time, which was then resolved by the *Pembauer* decision. For example, the Court cited *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910-911 in the footnote as an example of the conflict that it was going to resolve. *Pembauer* then went on to reject the holding of *Losch*. *See, Pembaur* at 480 (U.S. 1986) ("… it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.") The District totally ignores this fact and references *Losch* without placing it in the context of the *Pembauer* decision.

**CONCLUSION**

The District's Opposition makes it clear that Plaintiff Sanders has adequately alleged that the District could be liable based on the actions of the final policymaker, the Chief of Police Ramsey. Accordingly, the Court should grant Plaintiff's Motion to Reconsider.

Respectfully submitted this the 3rd day of June, 2008

_____/S/_____
Michael G. Kane, Bar No. 435288
David R. Cashdan, Bar No 051342

CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2008, I served the attached Reply brief on Counsel for Defendants Darrell Chambers via electronic means.

_____/S/_____
Michael G. Kane