IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHRISTOPHER SANDERS** | ) | |
| | ) | CA No. 06-1411 (PLF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## REPLY ON PLAINITFF'S MOTION TO AMEND THE COMPLAINT

Defendants argue in their opposition that it would be improper to allow Plaintiff Christopher Sanders to amend his complaint to add Cathy Lanier and Alfred Broadbent as these individuals are entitled to qualified immunity pursuant to *Garcetti v. Ceballos*, 126 S. Ct. 1951, 1958, 164 L. Ed. 2d 689 (2006). In the alternative, Defendants maintain that the claims as to Lanier and Broadbent are untimely because they are beyond the three year statute of limitations.

The Court should reject both arguments. As to the first argument, *Garcetti* would only apply if Plaintiff Sanders' speech was pursuant to his official duties. As explained below, Plaintiff Sanders alleges just the opposite, *i.e.* that his speech was not pursuant to his official duties. Moreover, Defendants completely ignore Plaintiff Sanders' petition to redress grievances claim, which would render the *Garcetti* analysis irrelevant.

As to the second argument, as explained below, Plaintiff Sanders has alleged sufficient facts that would justify a tolling of the statute of limitations in this instance.

*Garcetti is inapplicable*

This Court has already noted in its Order denying the Defendants' Motion to Dismiss that

> In Garcetti, the Supreme Court distinguished expressions made at work pursuant to official duties from those that are not, and held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 126 S. Ct. at 1960. <u>The Court notes that it does not appear that Sanders made these statements at issue in this case "pursuant to his official duties," nor have defendants argued that he did</u>.

*Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 89 (D.D.C. 2007)  (emphasis added).

As the Court observed, the Defendants did not argue that *Garcetti* applied and it did not appear that Sanders made these statements pursuant to his official duties. Indeed, his complaint alleges just the opposite:

> 11.  During their time in SEU, Plaintiff Sanders and others noticed what appeared to be abuses of the time and attendance policies of the MPD that may be criminal in nature.  The abuse resulted in the loss of taxpayer money.  Plaintiff Sanders reported his concerns and objections to various superiors in his chain of command.  He also testified before the District of Columbia City Council regarding this issue.  Plaintiff's objections were also covered in the local media.  <u>Plaintiff Sanders did not make this speech pursuant to his official duties.</u>

¶ 11 of the First Amended Complaint (emphasis added).  This allegation also appeared in the original complaint at ¶ 11.

The Court must accept the allegation in the Complaint that Plaintiff Sanders did not make this speech pursuant to his official duties as true.  *Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 87 (D.D.C. 2007), *quoting from Erickson v. Pardus*, 127

S. Ct. at 2200. Accordingly, Sanders did not take these actions pursuant to his official duties and, therefore, *Garcetti* does not apply.[1]

Leaving aside *Garcetti*, Defendants do not even address the 'petition to redress grievances' claim that Plaintiff Sanders alleges. Specifically, Plaintiff Sanders alleges that Defendants retaliated against him because he filed a lawsuit against Defendants that eventually was settled in 2002.[2] Obviously, Plaintiff Sanders had no official duty to bring that lawsuit. Therefore, if Lanier and Broadbent retaliated against him because he petitioned the court for a redress of his grievances, they can be held liable and are the proper subjects of this lawsuit. Accordingly, Defendants' qualified immunity argument must fail.

*The Allegations of the Complaint Rebut Defendants' Limitations Argument..*

There is nothing on the face of the First Amended Complaint that would suggest that Plaintiff's claims against Lanier and Broadbent are untimely. In fact, the Complaint makes allegations that show the Complaint against Lanier and Broadbent is timely:

> 25. Unbeknownst to Plaintiff Sanders, Defendant Herold denied his request to rescind his resignation. Defendant Herold remarked on the memo that Plaintiff Sanders was "undependable." Defendant Lanier also denied Plaintiff Sanders' request noting on the memo that Plaintiff Sanders was "not dependable." Defendant Broadbent also disapproved Plaintiff Sanders' request to rescind his resignation.
>
> 26. Plaintiff was <u>unaware</u> of the actions described in ¶ 25 <u>until</u> March 31, 2008.

---

[1] By contrast, the plaintiff's allegations in the *Wilburn* case were that it was her duty to speak out on the subjects at issue. *See, Wilburn v. Robinson*, 480 F.3d 1140, 1149 (D.C. Cir. 2007) ("Indeed, Wilburn's complaint suggests that her discrimination allegations involve matters of particular concern to the public because exposure of discrimination falls within her employment duties.")

[2] *See e.g.* ¶ 40 of the Amended Complaint in which Plaintiff Sanders alleges that in pursuing his lawsuit (CA 97-02938) he was petitioning the government for a redress of his grievances.

\*\*\*

> 31.    Without Plaintiff Sanders' knowledge, the MPD, at the direction of Chief Ramsey, and/or Jeffrey Herold and/or Defendants Lanier, and/or Broadbent and/or other unknown persons commenced an investigation of Plaintiff Sanders, the primary purpose of which was to contrive a reason to deny Plaintiff Sanders his request to rescind his resignation.  The MPD falsely charged Plaintiff Sanders with willfully and knowingly making an untrue statement regarding the date he planned to return from leave and for being absent without leave for more than four consecutive hours.  The investigation was conducted by Plaintiff Sanders' former superior Lieutenant Jeffrey Herold.

\*\*\*

> 38.    Plaintiff Sanders did not learn that a clandestine investigation of him had been conducted until late 2005 from an anonymous source.  It was at this time that Plaintiff Sanders first learned of the involvement of Herold and Broadbent in the decision to deny him reinstatement and/or grant his request to rescind his resignation.

First Amended Complaint at ¶¶ 25, 26, 31, 38.

There is nothing in the First Amended Complaint to suggest that Plaintiff Sanders' ignorance was willful or unreasonable.  In fact, the allegations are to the contrary and allege that he was misled by Defendants:

> 30.    Thereafter [after he submitted his request to rescind his resignation], on several occasions, Plaintiff Sanders, through his attorney, requested a response from the District regarding his request to rescind his resignation letter and his request for an educational leave of absence. <u>Defendants led Plaintiff to believe</u> that they were considering his request. <u>At no time</u> did they reveal that Defendants Herold, Lanier and Broadbent had already denied Plaintiff Sanders' request to rescind his resignation because they had concluded that he was "undependable."

Id. at ¶ 30 (emphasis added).

Thus, based on the allegations in the First Amended Complaint, Plaintiff Sanders did not know of Broadbent's involvement until "late 2005," which was less than three years ago and the Complaint against him is, therefore, timely. In addition, Plaintiff Sanders did not learn of Lanier's involvement until March of 2008 so the claims against her are timely. Moreover, it was Defendants' own actions that resulted in Plaintiff's ignorance in that they concealed the identity of the personnel involved in the decision-making.

Defendants are basically making a credibility argument in opposing the motion to amend. For example, Defendants accuse Plaintiff of being "disingenuous" and that he cannot "credibly" argue he did not know who was in his chain of command. Defendants' Opposition at 7. But these arguments are premature as the Court must accept Plaintiff Sanders allegations as true at this stage of the litigation. *Jones v. Greenspan*, 445 F. Supp. 2d 53, 58 (D.D.C. 2006) (permitting amendment of complaint because amendment would not be futile).

## CONCLUSION

Based on Plaintiff's original motion as well as the foregoing, the Court should grant Plaintiff's Motion to Amend.

Respectfully submitted this the 3rd day of June, 2008

_____/S/_____
Michael G. Kane, Bar No. 435288
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2008, I served the attached Reply brief on Counsel for Defendants Darrell Chambers via electronic means.

_____/S/_____
Michael G. Kane