IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHRISTOPHER SANDERS** | ) | |
| | ) | CA No. 06-1411 (PLF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S CONSENT MOTION TO EXTEND TIME
FOR DISCOVERY AND THE RESETTING OF COURT DATES**

Plaintiff, Christopher Sanders, by and through counsel, brings this motion pursuant to Fed. R. Civ. Proc. 6(b) to extend the time for discovery in this matter by 60 days. The current deadline for discovery is September 8, 2008.

In support of the Motion, Plaintiff states as follows:

By its Scheduling Order of November 19, 2007, the Court permitted written discovery to proceed. However, the Court stayed depositions until further notice. The Court also ordered the parties to engage in mediation with Magistrate Judge Facciola. That mediation was unsuccessful.

Counsel for Plaintiff promptly served interrogatories and document requests on the defendants. Defendants also served interrogatories and document requests on Plaintiff.

Defendants did not respond to Plaintiff's written discovery requiring Plaintiff to file a Motion to Compel, which the Judge granted by written Order on April 16, 2008. In

its Order the Court also found that Defendants had waived objections including privilege objections but permitted the Defendants an additional amount of time to raise privilege objections.

In the meantime, the parties filed a second meet and confer statement and the Court entered a second Scheduling Order dated May 9, 2008 (Document 36) that, among other things, ordered that discovery close by September 8, 2008.

In addition, by Order dated May 29, 2008, the Court denied the Defendants request to raise privilege (document 43).

By June 1, 2008, Plaintiff had received only partial responses to his first set of interrogatories and document requests. Specifically, Defendants did not supply detailed information concerning other employees at the Metropolitan Police Department who had resigned and then been reinstated and who had been disciplined for being AWOL, among other things.

Despite not having complete responses to discovery, Plaintiff served an extensive deposition notice pursuant to Fed. R. Civ. Proc. 30(b)(6) on June 13, 2008 noticing said deposition for July 1, 2008. Defendants objected to the notice and, after some negotiation, plaintiff agreed to take the 30(b)(6) depositions during the week of July 21, 2008.

Defendants then served supplemental responses to their interrogatories and document responses on or about June 19, 2008. However, these responses were also lacking in that they had expurgated information pursuant to privilege which Plaintiff believes the Court found had been waived. In addition, Defendants did not reveal the details of various communications concerning plaintiff on the grounds of privilege even

2

though the Court had found that Defendants had waived privilege objections. Plaintiff's counsel brought these failings to the attention of Defendants' counsel via e-mail on July 1, 2008.

Shortly before the rescheduled date for the 30(b)(6) depositions, lead counsel for Defendants, Thomas Foltz, advised Plaintiff's counsel, via e-mail on July 17, 2008, that he would seek to have discovery stayed and cancel the 30(b)(6) depositions in light of the fact that he would be filing a Motion for Judgment on the Pleadings to dismiss the entirety of Plaintiff's case.

Soon thereafter, and unexpectedly, Mr. Foltz passed away. Mr. Foltz' untimely death obviously impacted the ability to complete discovery timely. Darrell Chambers, who had been assisting Mr. Foltz in the case, took over the lead counsel role.

With Mr. Foltz' passing the 30(b)(6) depositions had to be cancelled. Briefing was then conducted on the Defendants' Motion for Judgment on the Pleadings in late July.

Defendants' counsel and Plaintiff's counsel agreed to reschedule the 30(b)(6) depositions for Wednesday August 20, 2008. Plaintiff did take the 30(b)(6) deposition of retired Lieutenant Matiello, among others, on that date but it was agreed by the parties that Mr. Matiello and the other witnesses could not address all of the subject matter areas covered in Plaintiff's 30(b)(6) notice. The parties agreed that the 30(b)(6) notice would have to be continued but because of witnesses' vacation schedules that could not happen during the current discovery period.

In addition, on or about August 18, 2008 Defendants produced data on other MPD employees that did not have names redacted. Counsel for Defendants indicated in a

cover letter that he was still waiting for a response from his client on the other issues raised by Plaintiff's counsel in his July 1 e-mail concerning deficiencies in the Defendants' discovery responses, e.g. deficiencies in disclosing relevant communications concerning Plaintiff.

Lead counsel for both Plaintiff and Defendant were on vacation the week of August 25, 2008.

Given all of the above, which includes, but is not limited to, the untimely death of the lead counsel for Defendants, the parties believe that an extension in the current discovery period of 60 days is warranted to Monday November 10. This amount of time will allow Plaintiff to resolve outstanding issues he has expressed regarding Defendants' discovery responses. In addition, Plaintiff still needs to complete his noticed 30(b)(6) depositions. Once that deposition is complete, Plaintiff will need to take the depositions of relevant witnesses including, but not limited to, former Chief Ramsey, Lt. Herold, current Chief Lanier, and former Assistant Chief Broadbent. Plaintiff has not been able to take these depositions with written discovery and the 30(b)(6) deposition still incomplete.

Defendants have not been able to depose Plaintiff in the discovery period. Further, Defendants will need additional time to notice experts in this matter. The parties will then need to depose these experts.

Because of this extension, the parties also suggest that dispositive motions be filed by December 9 2008, oppositions by December 23, 2008 and replies by January 6, 2009. The parties suggest they file a joint status report on or before November 19, 2008 informing the Court whether they would like to be referred to alternative dispute

resolution and whether they would like to vacate the briefing schedule during such alternative dispute resolution.

A proposed order is attached hereto.

Respectfully submitted this the 3rd day of September, 2008

_____/S/_____
Michael G. Kane, Bar No. 435288
David R. Cashdan, Bar No.
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

## CERTIFICATION

I hereby certify that Defendants per their counsel Darrell Chambers have consented to the relief requested herein.

_____
Michael G. Kane