UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CHRISTOPHER SANDERS,**

  **Plaintiff,**

  v.

**DISTRICT OF COLUMBIA,** *et al.*,

  **Defendants.**

Civil Action 06-1411 (PLF/JMF)

**MEMORANDUM OPINION**

  Currently pending and ready for resolution is <u>Defendants' Motion to Assert Attorney Client Privilege and Motion for Protective Order</u> ("Defs. 2nd Mot.") [#56]. For the reasons stated herein, the motion will be denied.

**BACKGROUND**

  Plaintiff, Christopher Sanders, worked as a police officer for the District of Columbia Metropolitan Police Department ("MPD") from 1990 until 2002. <u>Complaint</u> ("Compl.")[1] [#1] ¶ 3. In 1996, the MPD created the Special Emphasis Unit (SEU) in order to combat gang activity and illegal drug trafficking. Compl. ¶ 9. Plaintiff was one of two sergeants tasked with supervising the officers in the SEU. Compl. ¶ 10. According to plaintiff, during his tenure as a supervisor, he noticed abuses of the MPD's time and attendance policies and subsequently reported those to his supervisors. Compl. ¶ 11. Plaintiff claims that following his whistleblowing activity, he was adversely treated by the MPD. Compl. ¶ 12. Specifically, plaintiff claims he was denied overtime pay, physically threatened, and reassigned to a different

---

[1] On April 28, 2008, plaintiff moved to amend the complaint. That motion has not yet been resolved. See <u>Plaintiff's Motion to Amend the Complaint</u> [#30].

position. Compl. ¶ 12. Plaintiff therefore brought suit against the MPD in 1997 for violations of his free speech rights. Compl. ¶ 13. In August of 2002, plaintiff settled his free speech case (Civil Action No. 97-2938) against the MPD.[2] Compl. ¶¶ 13, 16. According to plaintiff, following the settlement of his first case, the MPD refused to accept his request to rescind a resignation he had tendered earlier and manufactured falsehoods about plaintiff in retaliation for his filing of the previous lawsuit. Compl. ¶¶ 21-34. Plaintiff responded to these events by filing the current suit.

## DISCUSSION

By order dated April 16, 2008, Judge Friedman granted <u>Plaintiff's Motion to Compel Responses From the District of Columbia to His Interrogatories and Document Requests and For Sanctions</u> [#21]. While not ruling on the merits of plaintiff's motion, Judge Friedman deemed the District's objections to plaintiff's motion as having been waived since the District failed to either file objections by the February 6, 2008 deadline or move to extend the time within which it had to file its responses. <u>Memorandum Opinion and Order</u> [#28] ("PLF Order") at 2-3. In an effort to allow the District to redeem itself however, Judge Friedman gave the District until April 28, 2008 to request permission to be able to assert specific privilege objections to plaintiff's discovery requests. <u>Id.</u> at 4. Inexplicably, the District again failed to file anything within the allotted time-frame. Instead, the District waited until October 17, 2008, the date of the current motion, before attempting to revive its privilege claims.

As a result of its recently locating new information responsive to plaintiff's discovery requests, the defendants now seeik to assert the attorney client privilege as to written communications by and between counsel for the defendants and MPD's general counsel's office.

---

[2] The record is unclear as to when plaintiff's first case was actually settled. According to defendants, the case was settled in June of 2002. Defs. Mot. at 8. According to the docket in that case, a notice of dismissal was filed by plaintiff on September 10, 2002.

Defs. Mot. at 4.  In addition, the District also seeks a protective order that would preclude Terry Ryan, General Counsel to the MPD from having to testify as to his mental impressions and trial strategy. Id. at 5.

I.       Assertion of Attorney Client Privilege

According to defendants, on October 9, 2008, they discovered "a box full of documents within which were files from Plaintiff's prior whistleblower case which was settled with the District in June of 2002." Defs. Mot. at 8.  It is these communications, consisting mostly of "electronic mail from Thomas Foltz to Terry Ryan and other attorneys within the attorney general's office, including Robert Utiger and Andy Saidon," that defendants seek to protect. Id. Defendants argue that the documents are not relevant to plaintiff's current case and that their disclosure would cause irreversible prejudice to their case. Id.

Plaintiff counters that defendants' failure to locate and produce these documents earlier evidences their failure to meet their discovery obligations and that in any event, defendants are precluded from asserting any privileges at this late date. Plaintiff's Opposition to Defendants' Motion to Assert Attorney Client Privilege and Motion for Protective Order ("Plains. Opp.") [#62] at 11-12.  Plaintiff also notes that defendants failed to produce a privilege log in violation of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. Id.

A timeline is helpful in resolving this dispute.  The late Tom Foltz represented the defendants in the prior case, Civil Action No. 97-2938, and also represented the defendants in this action from its inception on August 9, 2006 until Foltz's untimely death on July 20, 2008. Although Darrell Chambers, Esq., joined Foltz in the representation of the defendants, Foltz remained active in the case, filing a document on July 17, 2008 [#49], three days before he died.

3

On April 16, 2008, Judge Friedman issued an order giving the District until April 28, 2008 to request that "specific objections based on privilege be excluded from the waiver found under this Order." (Order of April 16, 2008).

On April 28, 2008, Foltz filed a motion that sought to preclude from disclosure personnel information, said to be protected from disclosure by provisions of the D.C. Code. The motion indicated that the defendants sought a protective order pertaining to "the disclosure of any such personnel information [i.e. information protected by the D.C. Code] not otherwise objected to on the grounds of relevance or burden." <u>Defendants' Motion to Assert Privilege and for Entry of a Protective Order</u> ("Defs. Mot.") [#31] at 1. Foltz noted that the "[d]efendants continue to object on the grounds of relevance and burden to the disclosure of the personnel files of any Chief of Police . . . and officials in the chain of command who were not similarly situated to the plaintiff." <u>Id.</u>

Tellingly, Foltz made the following representation in the accompanying memorandum:

> The Court's ensuing order on April 16, 2008, found that Defendants' lack of timely objection waived certain privileges but gave Defendants until today, April 28, 2008, to respond with a written motion seeking exception from the waiver. To date, Defendants have produced all documents known to them; should [*sic*] have any additional documents be discovered and produced, Defendants respectfully request the right to assert specific privileges.

<u>Defendants' Memorandum of Points and Authorities in Support of Their Motion to Assert Privilege and for the Entry of a Protective Order</u> at 2.

On May 29, 2008, Judge Friedman denied that portion of the motion that sought to claim a privilege for personnel records and instead issued a protective order pertaining to the personnel information that would be disclosed. His resolution of the motion has to mean that he denied the

4

defendants' attempt to do exactly what they are trying to do now: assert a privilege as to documents that may be discovered at some future time.

Moreover, if it was an open question, the defendants' attempt to now claim a privilege as to the newly discovered evidence is inexcusable. We know that Foltz was responsible for the two cases from February 2002 to his death in 2008. Yet there is no explanation for how letters from Foltz himself to Terry Ryan in the MPD about the 2002 case could not have been "discovered" until 2008. Moreover, while death has unfortunately sealed Foltz's lips, there is no explanation from the defendants of how and why Foltz could have represented to Judge Friedman that all pertinent documents had been produced when they clearly had not been produced. The answer–that they were only recently discovered–begs the question of how any kind of competent search could not find them in the first place? How is it possible that documents relating to the first case were not discovered when the allegation in the second case is that plaintiff's bringing the first case was one of the reasons for the unconstitutional manner in which he was treated and Foltz was counsel in both cases? See Compl. ¶ 33.

Finally, it is clear that the "newly discovered documents" were called for by plaintiff's discovery requests. Indeed, defendants do not even claim that they were not. In any event, Interrogatory No. 8 asks defendants to "[i]dentify all communications, written and oral, between the District of Columbia and/or MPD official(s) in which Christopher Sanders was discussed in the [sic] May 2002 through the present." Plains. Opp. at 5. A corresponding document request, Document request No. 1, seeks "[a]ll documents identified or referred to in response to Plaintiff's Interrogatories to Defendant District of Columbia." Id. Document request No. 5 seeks "[a]ll e-mails and other documents that mention Plaintiff or the subject matter concerning Plaintiff for the time period [sic] June 2002 through December 2003." Id. The docket entries for

the first case indicate that Judge Roberts, then assigned to the case, cancelled the trial on April 15, 2002 and referred the matter to me for settlement. Those settlement discussions culminated in the filing of a notice of dismissal by plaintiff on September 10, 2002. It would appear that settlement discussions were certainly continuing for most of the late Spring and Summer of 2002. Without some more specific showing, it therefore cannot be said that correspondence between Foltz and Ryan was not called for in discovery in the current case or that the defendants were not under any obligation to look for them and assert any privilege well before Judge Friedman's order of April 16, 2008.

Unfortunately for defendants, they were given several opportunities by Judge Friedman to assert the relevant privileges. Not only did defendants fail to respond at all to plaintiff's initial discovery requests, forcing plaintiff to move to compel the information, but even when allowed a reprieve by Judge Friedman, defendants failed to act. Worse, they provide no justification for not finding the "newly discovered documents" in the first place so that they could have either produced them when they were supposed to or claimed the appropriate privilege. As a result, defendants must now face the consequences of their actions. In this case, that means that any privileges defendants would have asserted in relation to the newly discovered materials are deemed waived and the materials must therefore be produced.

II.   Protective Order

The defendants ask me to preclude the deposition of Terry Ryan, General Counsel to the MPD. To do so, I would have to conclude that there is not a single question that could be propounded to him that would not be objectionable because it would disclose a confidential communication between attorney and client or attorney work product. That is impossible; Ryan, like any other witness, cannot claim an immunity from testifying as to facts. Moreover, the

defendants are protected from any kind of forefeiture of either privilege because a witness is permitted to refuse to answer a question if the answer would disclose privileged information. Fed. R. Civ. P. 30 (c)(2),

By the same token, depositions of opposing counsel are disfavored and no one can claim a right to waste time by asking again and again questions that clearly call for the disclosure of what every lawyer knows is privileged. I expect plaintiff's counsel to conduct the deposition consistently with this principle. To expedite the matter and resolve questions as they arise, I invite counsel to conduct the deposition in my jury room on a day that I will be available so that I can rule on any objections as they arise.

## CONCLUSION

Defendants have, in this instance, and for whatever reason, failed to comply with the Federal Rules of Civil Procedure to uphold their obligations during the discovery process. Their motion to assert a privilege as to what they describe as "newly discovered evidence" is denied as is their attempt to prevent the deposition of Terry Ryan.

An Order accompanies this Memorandum Opinion.

        /S/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

February 25, 2009