UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
CHRISTOPHER SANDERS,                      )
                                          )
        Plaintiff,                        )
                                          )
    v.                                    )        Civil Action No. 06-1411
                                          )
DISTRICT OF COLUMBIA, et al.,             )
                                          )
        Defendants.                       )
_____ )

MEMORANDUM OPINION

        This matter is before the Court on plaintiff's motion to amend his complaint and

defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  Upon careful consideration of the parties' papers and the entire record in the

case, the Court will grant plaintiff's motion to amend and will deny defendants' motion for

judgment on the pleadings.[1]

I.  BACKGROUND

        The Court's Opinion of November 8, 2007, Sanders v. District of Columbia, 522

F. Supp. 2d 83 (D.D.C. 2007), describes the factual and procedural background in this case in

some detail.  Briefly, plaintiff Christopher Sanders was a Sergeant in the District of Columbia

Metropolitan Police Department ("MPD").  Plaintiff had resigned from the MPD, but shortly

_____

[1]        The Court considered Plaintiff's Motion to Amend the Complaint; Defendants'
Opposition to Plaintiff's Motion to Amend the Complaint; Reply on Plaintiff's Motion to Amend
the Complaint; Defendants' Motion for Judgment on the Pleadings ("Mot. for Judg."); and
Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings.

thereafter sought to rescind his resignation.  Plaintiff alleged that the MPD's denial of his request to rescind his resignation was retaliation for earlier whistleblower activity in violation of his First Amendment rights and his procedural and substantive due process rights.  See Sanders v. District of Columbia, 522 F. Supp. 2d at 86-87.  He brought suit against the District of Columbia, former Chief of Police Charles H. Ramsey in his individual and official capacities, and Captain Jeffrey Herrold and a "John Doe" in their individual capacities.

In its November 8, 2007 Opinion, the Court granted defendants' motion to dismiss plaintiff's municipal liability claims against the District of Columbia, including the claims against Chief Ramsey in his official capacity, as well as plaintiff's substantive due process claims.  See Sanders v. District of Columbia, 522 F. Supp. 2d at 88, 91-92.  The Court denied defendants' motion to dismiss as to plaintiff's First Amendment and procedural due process claims against the individual defendants.  See id. at 88-91.

## II.  DISCUSSION

### A.  Plaintiff's Motion for Leave Amend the Complaint

Plaintiff initially named as defendants the District of Columbia, then Chief of Police Ramsey, and plaintiff's former superior Lieutenant Jeffrey Harold, as well as a "John Doe".  Plaintiff now seeks to replace the John Doe with Chief of Police Cathy Lanier and Assistant Chief Alfred Broadbent, in their individual capacities, on the grounds that only recently, during the course of discovery in this case, did plaintiff learn of their alleged unconstitutional actions toward him. Defendant objects to the amendment on the grounds of futility, arguing that both Chief (then Commanding Officer) Lanier and Assistant Chief (then

2

Special Services Officer) Broadbent have qualified immunity, and that the claims against both are barred by the statute of limitations.

Rule 15(a) of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings, "when justice so requires." FED. R. CIV. P. 15(a); see, e.g., Howard v. Gutierrez, 237 F.R.D. 310, 312 (D.D.C. 2006) (quoting Davis v. Liberty Mutual Insurace Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments.") (citations omitted)).  The presumption runs in the plaintiff's favor that he may amend his complaint "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court finds that permitting the amendment of the complaint to add Chief Lanier and Assistant Chief Broadbent as additional defendants is not futile and that the defendants have not articulated any prejudice from doing so.  Defendants' argument as to futility on the qualified immunity question is doubtful in light of the Court's earlier denial of defendants' motion to dismiss on the grounds of qualified immunity.  See Sanders v. District of Columbia, 522 F. Supp. 2d at 89-91.  Defendants' statute of limitations argument depends on disputed factual questions of when plaintiff knew, or should have known, of the alleged unconstitutional acts by Chief Lanier and Assistant Chief Broadbent.  Both of these arguments are more appropriately addressed in a motion to dismiss or, more likely, a motion for summary judgment, than on a motion to amend a complaint.  Plaintiff's complaint will be amended to include Chief

3

Lanier and Assistant Chief Broadbent as defendants in their individual capacities for the still pending First Amendment and procedural due process claims.

### B. Defendants' Motion for Judgment on the Pleadings

#### 1. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  The standard of review for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules is essentially the same as that for motions to dismiss under Rule 12(b)(6).  See Schuchart v. La Taberna Del Alabardero, Inc., 365 F.3d 33, 35 (D.C. Cir. 2004); Ramirez v. Dep't of Corrections, 222 F.3d 1238, 1240-41 (10th Cir. 2000); Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987); Does I through III v. District of Columbia, 238 F. Supp. 2d 212, 216 (D.D.C. 2002) (citations omitted).  On either motion, the Court may not rely on facts outside the pleadings and must construe the complaint in the light most favorable to the non-moving party.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  As with a motion to dismiss under Rule 12(b)(6), a court may grant judgment on the pleadings only if the facts alleged in the complaint do not "raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), or fail to "state a claim to relief that is plausible on its face."  Id. at 570; see also Nat'l Shopmen Pension Fund v. Disa, 583 F. Supp. 2d 95, 99 (dismissal is appropriate under Rule 12(c) "if the plaintiff fails to plead 'enough facts to state a claim [to] relief that is plausible on its face.'" (citing Bell Atlantic Corp v. Twombly, 550 U.S. at 570)).

Plaintiff filed his motion to amend the complaint before defendants filed their motion for judgment on the pleadings.  As discussed above, the Court is granting plaintiff's motion to amend his complaint.  The Court therefore has treated the motion for judgment on the pleadings as one addressed to the amended complaint.

### 2.  First Amendment Claim

The Court considered in detail whether plaintiff's allegations as to First Amendment violations stated a claim under the Federal Rules of Civil Procedure in its earlier Opinion, finding that it had.  See Sanders v. District of Columbia, 522 F. Supp. 2d at 88-90.  Defendants now argue that the Court should grant judgment in their favor on plaintiff's First Amendment claim on the theory that plaintiff's speech was made pursuant to his official duties, and thus is unprotected speech under Garcetti v. Ceballos, 547 U.S. 410, 421 (2006).  Plaintiff points out, accurately, that this argument is a direct reversal from the position defendants took in their motion to dismiss.  As the Court then noted:

> In Garcetti, the Supreme Court distinguished expressions made at work pursuant to official duties from those that are not, and held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, [547 U.S. at 421]. The Court notes that it does not appear that Sanders made these statements at issue in this case "pursuant to his official duties," nor have defendants argued that he did.

Sanders v. District of Columbia, 522 F. Supp. 2d at 89, n. 3.  Plaintiff argues that defendants have waived the Garcetti argument by not raising it earlier.  Whether this theory of liability, or lack thereof, is an affirmative defense that must be raised or be forever waived, defendants have

not given the Court sufficient basis to adopt their new reasoning and to grant judgment against plaintiff.

Defendants point to "a public record revelation" of plaintiff's testimony before the Council of the District of Columbia as the basis for their argument that plaintiff spoke pursuant to his official duties, and thus is not protected by the First Amendment.  See Mot. for Judg. at 2. They argue that a recent decision by Judge Kollar-Kotelly makes judgment on the pleadings appropriate because her decision established that statements made by a public employee to the Council of the District of Columbia were not protected speech because they were made pursuant to the plaintiff's official duties.  See Williams v. Johnson, 537 F. Supp. 2d 141, 151-52 (D.D.C. 2008).  In Williams, however, the plaintiff's job description "required her to provide her findings to senior executive personnel in District government," and she attended the Council meeting with her supervisor to assist him in answering questions as a part of her job.  Id. at 151.  The allegations in the complaint before the Court in this case do not lead to a similar conclusion. While there may be a factual dispute between the parties, plaintiff asserts in his amended complaint that he "did not make this speech pursuant to his official duties."  See Amended Complaint ¶ 11. At this stage in the case, the Court cannot determine as a matter of law that plaintiff's speech was made pursuant to his official duties, and the defendants are no more entitled to judgment on the pleadings than they were to a dismissal for failure to state a claim. See Sanders v. District of Columbia, 522 F. Supp. 2d at 88-90.  The Court finds no other reason to reconsider its earlier determination that plaintiff had stated a claim as to Count One, and thus will not grant judgment against plaintiff on this Count.

3.  Procedural Due Process Claim

In its earlier Opinion, the Court denied defendants' motion to dismiss plaintiff's procedural due process claims, concluding that plaintiff had stated a claim, in that he had alleged a property interest and deprivation of notice and the opportunity for a hearing, and further concluding that defendants were not entitled to qualified immunity.  See Sanders v. District of Columbia, 522 F. Supp. 2d at 90-91.  Defendants' motion is essentially a motion for reconsideration of this decision.  Defendants have given the Court no basis on which to conclude that its earlier decision was incorrect.

With respect to the question whether plaintiff had a property interest in his reinstatement, defendants cite to D.C. Municipal Regulation 6-807.1(e), which uses permissive rather than mandatory language with regard to the MPD's obligation to reinstate former members.  This regulation is irrelevant to the issue before the Court.  Section 6-807.1 addresses only the age requirements for various career service positions.  Furthermore, defendants' reading of the language of the regulation does not affect the Court's previous determination that plaintiff had stated a claim for violation of procedural due process rights under the Comprehensive Merit Protection Act ("CMPA").  See Sanders v. District of Columbia, 522 F. Supp. 2d at 90-91.

Nor does defendants' argument that plaintiff's resignation was voluntary give the Court a basis to reconsider its prior determination.  The fact of plaintiff's resignation was before the Court when it considered plaintiff's motion to dismiss.  See Sanders v. District of Columbia, 522 F. Supp. 2d at 86.  Furthermore, plaintiff disputes defendants' assertion that he voluntarily gave up his property rights through his resignation — he alleges that he was advised that even if he resigned, he would be free to return to the MPD within one year.  See Amended Complaint

¶ 19.  This is a factual question that cannot be resolved on a motion for judgment on the pleadings.  The Court finds that defendants have raised no argument that would justify altering its original decision not to dismiss the procedural due process claims.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant plaintiff's motion to amend and will deny defendants' motion for judgment on the pleadings.  An Order consistent with this Opinion will issue this same day.

SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 27, 2009