UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1411 |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' objections to Magistrate Judge Facciola's February 25, 2009 Memorandum Opinion and Order and plaintiff's opposition thereto.[1]  Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law."  Defendants object to both sections of Magistrate Judge Facciola's decision, which first denies defendants' assertion of privilege as to written communications by and between counsel for the defendants and the Metropolitan Police Department's ("MPD") General Counsel's Office and second allows plaintiff to depose the MPD's General Counsel, Terry Ryan.

Magistrate Judge Facciola's Memorandum Opinion and Order is not clearly erroneous or contrary to law; the Court therefore will not modify it or set it aside.  See L.Cv.R. 72.2(c).  The Court agrees completely with Magistrate Judge Facciola's ruling that defendants

---

[1] Defendants mischaracterize Magistrate Judge Facciola's ruling as a Report and Recommendation.  The Memorandum Opinion and Order concerns a nondispositive pretrial motion, and therefore is not a Report and Recommendation.  See L. Cv. R. 72.2.

have waived any privileges that they could have asserted with regard to the newly discovered box of documents. These documents must be produced. The Court also agrees that it is not inappropriate for plaintiff to depose the MPD's General Counsel, so long as the deposition is focused, limited and does not inappropriately impinge upon attorney client or work product privilege. Depositions of opposing counsel are disfavored, and counsel for plaintiff must keep the deposition of Mr. Ryan as narrowly tailored as possible to avoid eliciting privileged testimony. To keep plaintiff's counsel within proper bounds *and* to assure that defendants' counsel is not overly aggressive in raising objections — and pursuant to Magistrate Judge Facciola's suggestion to expedite resolution of any issues that may arise during the deposition — counsel shall conduct the deposition in Magistrate Judge Facciola's jury room on a day that he will be available to rule on objections. Accordingly, it is hereby

ORDERED that defendants' objections to Magistrate Judge Facciola's February 25, 2009 Memorandum Opinion and Order [72] are DENIED; it is

FURTHER ORDERED that defendants must produce to plaintiff the documents that are the subject of defendants' discovery motion [56] on or before June 19, 2009; it is

FURTHER ORDERED that after plaintiff has reviewed the newly produced documents, the parties shall schedule the deposition of Mr. Ryan to take place in Magistrate Judge Facciola's jury room at a time convenient for Magistrate Judge Facciola. Counsel for all parties are expected to behave professionally during the deposition.

SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
DATE: June 9, 2009                United States District Judge