UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CHRISTOPHER SANDERS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 06-1411 (PLF)
)
DISTRICT OF COLUMBIA, et al., )
)
    Defendants. )

---

MEMORANDUM OPINION AND ORDER

On February 21, 2017, the Court reinstated plaintiff Christopher Sanders's procedural due process claim ("Count 2") in the case, after Sanders exhausted his administrative remedies before the Office of Employee Appeals. See Order (Feb. 21, 2017) at 1-2 [Dkt. 141].[1] This determination also resurrected a portion of Sanders's motion for summary judgment, which the Court previously had denied as moot for failure to exhaust administrative remedies. See Sanders v. District of Columbia, 85 F. Supp. 3d 523, 539 (D.D.C. 2015); see also Plaintiff's Notice of Motion for Summary Judgment on Count II of the Complaint at 1 [Dkt. 96]. Defendants have asked that their motion for summary judgment on Count 2 also be reinstated. See Defendants' (1) Renewed Motion for Summary Judgment on Count II and (2) Supplemental

---

[1] In his complaint, Sanders alleged both a substantive and procedural due process claim in Count 2. The Court previously dismissed Sanders's substantive due process claim because Sanders failed to show that he had a clearly established fundamental right in his eligibility to be rehired by the DC Metropolitan Police Department. See Sanders v. District of Columbia, 522 F. Supp. 2d 83, 91-92 (D.D.C. 2007). By opinion and order on April 7, 2015, the Court granted in part and denied in part defendants' summary judgment motion with respect to the First Amendment Claim in Count 1. See Sanders v. District of Columbia, 85 F. Supp. 3d at 532-37.

Authority in Opposition to Plaintiffs' Motion for Summary Judgment at 2 [Dkt. 148]. The Court will grant their request.

On July 13, 2017, the Court will hear oral argument regarding plaintiff's and defendants' cross-motions for summary judgment on the procedural due process claim in Count 2. In the Court's view, each party's original motion for summary judgment has been revived with regard to the procedural due process claim in Count 2. Because defendants' original motion for summary judgment [Dkt. 96] dealt largely with whether Sanders had failed to exhaust his administrative remedies with regard to Count 2, the Court will consider defendants' most recent filing [Dkt. 148] as a supplemental memorandum to its motion for summary judgment [Dkt. 95] and as supplemental authority in opposition to plaintiff's motion for summary judgment.

Accordingly it is hereby

ORDERED that defendants' motion for summary judgment [Dkt. 95] is reinstated with respect to Count 2.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 14, 2017